No. 34,446

The State of Kansas, *Appellant*, v. James P. Momb, *Appellee*.

(95 P. 2d 349)

Opinion filed November 10, 1939.

*Jay S. Parker*, attorney general, *Tom Harley*, county attorney, *Robert H. Nelson, Harold A. Zelinkoff, Grey L. Dresie, J. Ashford Manka* and *Clayton L. Walton*, deputy county attorneys, for the appellant.

*J. Roderick Mayall*, of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This is an appeal from a judgment in favor of defendant on a plea in abatement which he interposed against his prosecution on an indictment charging blackmail.

On December 8, 1938, a grand jury in Sedgwick county indicted defendant for a felonious attempt to extort $50 from one Henry Heimerman by threatening to accuse him before the grand jury of the crime of operating slot machines in violation of law. On the same day the grand jury indicted defendant for a felonious attempt to extort $25 from one John Mans by threatening to accuse him of operating slot machines contrary to law.

The work of the district court of Sedgwick county requires the services of four district judges who are authorized to sit separately in four numbered divisions of the court for the more expeditious dispatch of their judicial duties. Civil and criminal cases are assigned in rotation to its respective divisions. These arrangements are authorized by statute. (G. S. 1935, 20-601 *et seq.*)

The indictment of defendant for the attempted blackmail of *Heimerman* was docketed to division No. 2, and the indictment for the attempted blackmail of *Mans* was docketed to division No. 3.

On April 19-21, 1939, the case against defendant on the *Mans* blackmail indictment (district court No. 102293) was tried before a jury in division No. 3 and a verdict of not guilty was returned.

Shortly thereafter the case against defendant on the *Heimerman* blackmail indictment (district court No. 102294) was called for trial in division No. 2 and defendant interposed a plea in abatement on several grounds not now important, but which were later supplemented by an amendment referring to his prosecution under the *Mans* blackmail charge in division No. 3, and alleging—

". . . that in the trial of said cause, evidence was there offered by the prosecution, and admitted by the court, over the objection of the defendant, of other offenses, and more particularly of the offense charged and set forth in the instant case and indictment to which this plea of abatement is directed, and that said proceedings had in case No. 102293 on the dates aforesaid, constitute a bar to any further proceedings in the instant case."

Issues were joined on this plea in abatement; testimony was adduced; the trial court sustained the plea, and judgment was entered in favor of defendant and abating the action.

The state appeals, contending that the trial court misinterpreted

the statute on which the plea in abatement was predicated. The title of that statute (Laws 1935, ch. 163) reads:

"An act relating to subsequent prosecutions in criminal actions, being supplemental to those provisions of the code of criminal procedure pertaining to jeopardy."

Section 1 of the statute reads:

"When one is properly charged in one or more counts of a complaint, indictment, or information with an offense, or offenses, against any of the laws of the state, and upon the trial of the action evidence is admitted of other offenses which might have been included as other counts in the complaint, indictment, or information, or on which the state might have elected to rely in the action then being tried, a conviction or acquittal on the charge, or charges, as made in the complaint, indictment, or information, shall operate as a bar to any subsequent prosecution of the same person in another action for any act or acts for which the state could have asked for a conviction under the complaint, indictment, or information in the former trial." (G. S. 1935, 62-1449.)

Counsel for the appellee would sustain the judgment on the plea in abatement as follows:

The record in case No. 102293 was read in evidence in support of the plea in abatement. Heimerman was a witness for the state. He testified:

"Q. Now, on this conversation in the afternoon, November 13, 1938, did the defendant, Mr. Momb, threaten you with indictment by the grand jury by the use of pictures which had been taken of slot machines in your place? . . . A. Yes."

Two other witnesses testified they heard that conversation. Defendant gave testimony in his own behalf. His cross-examination, in part, reads:

"Q. On the way out to Mans' place that day, that was at Colwich? Did you see anyone else at Colwich other than Mr. Heimerman? A. I didn't talk to anyone else.

"Q. And didn't you, to Mr. Heimerman, go to him on or about that same time and tell him that you had pictures of his place, that there were pictures, or that you had them, or words to that effect, pictures of slot machines in his place of business? A. I did not.

"Q. And didn't you tell him that for a consideration that you would see that the pictures were not presented to the grand jury? A. I did not."

Applying these facts to the literal terms of this statute, it appears that defendant was properly charged in the indictment in case No. 102293 in division No. 3 in one count of attempted blackmail on *John Mans*, and upon the trial evidence was admitted of other offenses which might have been included as other counts in the indictment. In such case what consequence does the statute declare

shall follow? It declares that defendant's acquittal (or conviction) on the charge in the indictment *shall operate as a bar to any subsequent prosecution* in another action *for any act or acts for which the state could have asked for a conviction under the indictment in the former trial,* that is, the trial in case No. 102293.

In the trial and acquittal of defendant in case No. 102293 evidence pertaining to the offense charged in case No. 102294 was elicited. The legal consequence of such admission of evidence was that if there had been a count in the indictment No. 102293 which was then being tried in division No. 3, the state could have asked for a conviction on such count and defendant could have asked for an acquittal thereon. But since there was no count in indictment No. 102293 to which the evidence pertaining to the alleged blackmail of *Heimerman* could apply, counsel for the state insist the statute had no application.

Counsel for appellee argues that such a construction of the statute "emasculates the statute," and "reduces the statute to a nullity." It is quite true that the statute is one by no means so sweeping in its scope as a mere casual perusal would suggest. It is a matter of common knowledge that the statute was enacted during the interim between the first and second appearance in this court of the notable *Brown* case from Gove county a few years ago, and its enactment was prompted by the peculiar situation which arose in that case. (*In re Brown*, 139 Kan. 614, 32 P. 2d 507; *State v. Brown*, 144 Kan. 573, 61 P. 2d 901; *State v. Brown*, 146 Kan. 525, 73 P. 2d 19.)

The rule granting immunity to a second prosecution under the terms of the statute under consideration could not be applied as a consequence to a prior acquittal or conviction on a single and specific count, as to which the evidence concerning the prior crime or several prior crimes could only have incidental relevancy. Of necessity the rule of the statute must be thus limited. The introduction of evidence of extraneous crimes not charged in the information is apt to occur in any criminal prosecution—a subject which has often been discussed by this and other courts. (*State v. King,* 111 Kan. 140, 144, 206 Pac. 883, 22 A. L. R. 1006.) Such evidence is admissible, not because a verdict of guilty or not guilty could be rendered thereon in response to some crime not charged and on which defendant had not been arraigned nor required to plead, but merely because of its actual or supposed evidentiary bearing on the case actually on trial. Thus in *State v. Mathes,* 108 Kan. 488, 196

Pac. 607, where defendant was prosecuted for the felony of obtaining eleven automobiles by false pretenses, evidence was held properly admitted to show that he had developed a system of obtaining other men's property by false pretenses, and instances of such nefarious transactions were shown solely for whatever probative value it might have on the question of his guilt or innocence of the crime of swindling the prosecuting witness of his eleven automobiles. But in that case, even if this act of 1935 had then been in effect, by no possibility could a verdict of guilt or innocence have been rendered in respect to those other crimes about which such evidence was adduced.

Evidence of extraneous crimes is also admissible against defendant where a defendant puts his character in issue (*State v. Smith,* 114 Kan. 186, 217 Pac. 307) ; and likewise on cross-examination of defendant to test his credibility. (*State v. Story,* 144 Kan. 262, 58 P. 2d 1090.) But it could not be argued that where evidence of such extraneous crimes was admitted a verdict of guilty or not guilty could be entered pertaining thereto under the circumstances of their admission in defendant's prosecution on another specific and definite charge on which he had been arraigned and required to plead and as to which he was actually in jeopardy.

It is worth while to note the title to the act of 1935. It signifies a legislative purpose to deal with procedure pertaining to jeopardy. It has no concern with other phases of criminal procedure. In the prosecution of defendant in case No. 102293 in division No. 3 for an attempt to blackmail *John Mans* it could scarcely be contended that he was actually in jeopardy for the crime of attempting to blackmail *Henry Heimerman.*

The judgment of the district court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.