No. 34,836

THE STATE OF KANSAS, *Appellee,* v. JAMES P. MOMB, *Appellant.*

(119 P. 2d 544)

436

Opinion filed December 6, 1941.

*J. Roderick Mayall*, of Wichita, for the appellant.

*Jay S. Parker*, attorney general, *P. J. Warnick*, county attorney, and *Robert H. Nelson*, of Wichita, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: Defendant was convicted of robbery in the third degree, pursuant to a grand jury indictment, and appeals.

The charge was framed under the provisions of G. S. 1935, 21-529. The indictment charged defendant had feloniously robbed and extorted the sum of $25 from William Ketzner by threatening to accuse him of having committed the crime of unlawfully operating slot machines.

Numerous errors are assigned, among which is the order overruling appellant's plea in abatement. If appellant's contention with respect to that plea is good, other assignments of error, of course, become immaterial. We shall, therefore, first consider that contention. It is based upon section 1, chapter 163, Laws of 1935 (G. S. 1935, 62-1449), which, including the title, reads:

"AN ACT relating to subsequent prosecutions in criminal actions, being supplemental to those provisions of the code of criminal procedure pertaining to jeopardy.

*Be it enacted by the Legislature of the State of Kansas:*

"SEC. 1. When one is properly charged in one or more counts of a complaint, indictment, or information with an offense, or offenses, against any of the laws of the state, and upon the trial of the action evidence is admitted of other offenses which might have been included as other counts in the complaint, indictment, or information, or on which the state might have elected to rely in the action then being tried, a conviction or acquittal on the charge, or charges, as made in the complaint, indictment, or information, shall operate as a bar to any subsequent prosecution of the same person in another action for any act or acts for which the state could have asked for a conviction under the complaint, indictment or information in the former trial."

In order to clearly understand appellant's contention a brief state-

ment of essential facts is necessary. Two other separate and distinct, but similar, grand jury indictments were returned against the appellant, James P. Momb, at the same time. They charged appellant with having committed similar offenses against two other operators of slot machines. All three indictments were based upon the same statute, namely, G. S. 1935, 21-529. The theory of the state was that appellant had extorted money from two persons by the name of Mans and Ketzner, and had attempted to extort money from another person by the name of Hicmerman, by acts of intimidation; that the intimidation was accomplished by threatening to have pictures, which appellant had taken of the slot machines in the three places of business, placed before the grand jury unless the operators of the machines paid appellant the amount of money he demanded. Appellant was acquitted in the first case tried, which the parties refer to as the Mans case. At the time the Mans case was tried the Hiemerman case and the instant (Ketzner) case were both pending. The next case the state attempted to prosecute was the Hiemerman case. A plea in abatement was interposed in that case, as in the instant case. The trial court sustained the plea by reason of the statute formerly quoted. (G. S. 1935, 62-1449.) We reversed the decision and the Hiemerman case was remanded for trial. (*State v. Momb*, 150 Kan. 674, 95 P. 2d 349.) The Hiemerman case was pending when the instant case was tried. In the instant (Ketzner) case the state, over appellant's objection, introduced testimony relating to threats made by appellant against Hiemerman. Appellant urged if such testimony was to be admitted the two cases should be consolidated. By a plea in abatement, in the instant case, appellant again raised the same point with respect to jeopardy which he had raised previously in the Hiemerman case. He alleged, in the plea in abatement, that the instant action was barred by reason of the fact the charge contained in the instant case might have been joined as a separate count in the Mans case, and that in the trial of the Mans case evidence was introduced, over appellant's objection, of the other offenses and particularly of the offense charged in the instant indictment. A hearing was had on the plea in abatement.

On the plea appellant introduced the indictment in the Mans case and the testimony of the state's witness Ketzner in the Mans case, which testimony, if believed, fully established the commission of the Ketzner offense. The plea in abatement was denied and appellant was forced to trial on the instant indictment, which charged him with

the offense against Ketzner. During the presentation of the plea in abatement the state admitted it might have joined the indictment in the instant case as a count in the indictment in the Mans case, which latter case, as previously stated, had been tried and resulted in acquittal.

Appellant contends that since the state could have included the alleged offense against Ketzner as a separate count in the indictment in the Mans case and did not do so, it is barred from now prosecuting appellant in the instant case by reason of the express provision of G. S. 1935, 62-1449, previously quoted.

The appellant, Momb, admits the decision in *State v. Momb*, supra, is against his contention, but he respectfully asks us to reconsider that decision before judgment and sentence is pronounced against him in any of these cases. He earnestly contends our previous decision does not express the legislative intent.

We are, of course, willing to reëxamine a previous decision and to correct it if persuaded we were in error. That is the duty of courts. We are especially desirous of doing so in the instant case for the reason that if a contrary conclusion should be reached it can be announced before this series of cases against appellant is concluded and before execution is had upon the sentence. There is another important reason which justifies a present review of our previous decision. It is that the statute involved was recently enacted, and our previous decision in *State v. Momb*, supra, has not yet been invoked against any other defendant. In fact, that was the first and only case in which the question of interpretation of the statute properly could have been presented. It is common knowledge the statute was enacted between the first and second decisions of this court in the Brown case from Gove county and that its enactment was prompted by the circumstances there involved. We shall refer to those circumstances later. The Brown cases are *In re Brown*, 139 Kan. 614, 32 P. S 507; *State v. Brown*, 144 Kan. 573, 61 P. 2d 901, and *State v. Brown*, 146 Kan. 525, 73 P. 2d 19. The first decision in the Brown case was announced before the statute was enacted. In the second Brown case we could not pass on the statute. The appeal was from a ruling on a plea in abatement and that was not an appealable order prior to final judgment. In the third Brown case the facts disclosed the offense charged was committed prior to the enactment of G. S. 1935, 62-1449, and we held the statute operated prospectively and not retroactively.

As already stated, the decision in the case of *State v. Momb,* supra, involved a similar plea in abatement. The plea was there interposed in the prosecution of the Hiemerman case. It was there shown the state, in the trial of the Mans case, had introduced evidence of these other offenses. After our decision in the former case the state, for reasons of its own, next prosecuted the instant (Ketzner) case rather than the Hiemerman case. In the instant trial it introduced testimony which, if believed, also established the offense charged in the Hiemerman indictment.

In the former opinion we emphasized the title of the act and stated the title signified a legislative intent and purpose to deal with procedure pertaining to jeopardy. Appellant concedes G. S. 1935, 62-1449, pertains to jeopardy, but insists the statute, as it states, was supplemental to existing provisions of the code of criminal procedure pertaining to jeopardy and that it must, therefore, have been the purpose and intent of the lawmakers to in some manner modify or change the existing law upon the subject of jeopardy. He insists that if our former decision is to be followed the intent of the statute is defeated, for the reason the decision in *State v. Momb,* supra, was the law on the subject of jeopardy, as applied to the Momb case, before that statute was enacted. Appellant thinks in our former opinion we placed the entire emphasis upon the title of the act and upon the concluding portion of the statute, to wit:

". . . shall operate as a bar to any subsequent prosecution of the same person in another action for any act or acts for which the state *could have asked* for a conviction under the complaint, indictment or information in the former trial," (emphasis supplied).

instead of giving effect also to the preceding provisions which help indicate the legislative intent and purpose. He insists the basis upon which our former opinion rests clearly is that the subsequent prosecution of the Hiemerman offense was not barred because a conviction could not have been asked on that offense in the Mans case for the reason no count covering the Hiemerman offense was included in the indictment in the Mans case. In that interpretation of our former opinion, we think, appellant is correct. He insists it was the legislative intent to bar a subsequent prosecution of another offense where evidence was introduced to prove that other offense in a former prosecution, if such other offense properly might have been included as a count in the indictment on which a trial was previously had.

There can be no doubt concerning the fact that the statute deals with jeopardy. It clearly was intended to supplement the existing law upon that subject in some manner. The title of the act clearly says so. The title also says the act relates to subsequent prosecutions. In what respect, or respects, did the act undertake to supplement the existing law of jeopardy with respect to subsequent prosecutions? It appears the statute was intended to supplement the former law of jeopardy by erecting a new bar in two separate and distinct instances or circumstances. Those instances or circumstances were separated in the statute by the use of the disjunctive word "or." For the purpose of clarity we have separated those instances or circumstances by inserting the numbers (1) and (2) in the statute. So read that portion of the statute provides:

". . . and upon the trial of the action evidence is admitted of other offenses which [1] *might have been included as other counts* in the complaint, indictment, or information, *or* [2] on which the state *might have elected to rely* in the action then being tried, . . ." (Emphasis supplied.)

Upon careful reëxamination of the statute, it is the opinion of the majority the concluding portion of the statute, to wit: "for which the state could have asked for a conviction under the complaint, indictment or information in the former trial," cannot be read and interpreted independently from, but must be read and construed in conjunction with, the title and the former part of the statute which expressly designates the two new instances or circumstances with respect to which the former law of jeopardy was intended to be supplemented. In other words, it would appear the lawmakers, by the use of the words contained in the concluding portion of the statute, to wit: "could have asked for a conviction under the complaint, indictment or information in the former trial," intended the former trial should operate as a bar to a subsequent prosecution under either of the two circumstances previously expressly designated in the statute. Applying that interpretation, it means the subsequent prosecution in the instant (Ketzner) case, was barred if the state could have asked for a conviction on the Ketzner offense had that offense been included as a separate count in the indictment in the Mans case. Clearly, and admittedly, that offense might have been included. Clearly, had that offense been included, the state could have asked for a conviction on the Ketzner count under the indictment in the former trial. The result is the instant action is barred.

It is common knowledge the 1935 statute, here involved, was en-

acted for the express purpose of changing the 'law of jeopardy as laid down in our 1934 decision in the case of *In re Brown,* 139 Kan. 614, 32 P. 2d 507. The pertinent facts in that case are clearly stated in the syllabus, paragraph four, of that opinion, as follows:

"An accused was tried on an information containing one count and charging statutory rape within two years preceding the filing of the information, but not specifying any particular date. At the trial evidence of many occurrences of sexual intercourse within the period was received, and upon motion of the accused the state elected to rely upon occurrences of March 18, 1932. A verdict of not guilty followed. Thereafter accused was arrested and bound over for trial on a warrant charging the same offense against the same person on five specific dates, all included within the statutory time covered by the first prosecution. *Held,* that at a trial under the last proceedings, accused will not be 'twice put in jeopardy for the same offense' (Bill of Rights, § 10) as to any occurrence other than that of the date relied on (March 18, 1932) in the first trial."

The provision of the new statute which we have designated as No. 2, clearly covers the original Brown case. The new statute, however, was not limited to cases like the original Brown case, *supra.* It also expressly included the provision herein designated as No. 1. In view of that fact we cannot say the statute was designed to cover only the situation embraced in provision No. 2, and not the situation embraced in provision No. 1. Both provisions are either a part of the statute or neither of them is a part thereof. We think the lawmakers intended both should be operative.

It may have been the purpose and intent of the lawmakers to protect a defendant from the expense and harassing which results from prolonged criminal litigation in a multiplicity of actions when a single action might adequately serve the purpose. It may have been the thought of the lawmakers that the rule touching the purpose for which evidence of other similar offenses may be introduced did not always afford a defendant adequate protection before a jury. It may have been the legislative intent and purpose to protect the taxpayers against the mounting costs of needless criminal litigation. The wisdom of the enactment, however, or the legislative motive are not our concern. It is not our province to determine what the law should or should not be. It is our duty to ascertain and, if possible, to make effective the legislative will. (*Hunt v. Eddy,* 150 Kan. 1, 4, 90 P. 2d 747; *Williams v. Cities Service Gas Co.,* 151 Kan. 497, 504, 99 P. 2d 822; *Wible v. Wible,* 153 Kan. 428, 110 P. 2d 761.)

It readily may be conceded some difficulties may arise in connection with administering the legislative will. If the difficulties

prove too great or cumbersome, lawyers and courts must rely upon the intelligence and good will of the lawmakers, as we do in other instances, to amend the act in such manner as in their judgment will seem just and proper. If experience demonstrates the act is wholly without merit the lawmakers possess the power to repeal it entirely. The majority, after careful reëxamination of the question and in due deference to any contrary view, have concluded our former opinion did not express the legislative will. The opinion in *State v. Momb*, supra, is therefore overruled. The instant construction of the statute in question also harmonizes the construction we are this date placing upon the same statute in the case of *Claflin v. State*, No. 35,182.

The ruling of the trial court on the plea in abatement is reversed with directions to enter judgment for the appellant.

DAWSON, C. J., and HARVEY, J., dissent.