No. 38,081

The State of Kansas, *ex rel.*, John Anderson, Jr., County Attorney, *Appellee*, v. Eva Wilson and One Acre, etc., *Appellants.*

(224 P. 2d 669)

Opinion filed December 2, 1950.

*Karl V. Shawver*, of Paola, argued the cause, and *Karl V. Shawver, Jr.*, also of Paola, was with him on the briefs for the appellant.

*John Anderson, Jr.*, county attorney of Johnson County, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

Wertz, J.: This is an appeal from judgment of the lower court

finding appellant's tavern to be a nuisance to the people of the state of Kansas, and ordering it padlocked.

Appellee filed a verified petition which alleged in substance that appellant Eva Wilson was owner of the real estate in question and the buildings located thereon; that she was not licensed to sell at retail nor distribute alcoholic liquor under the Kansas Liquor Control Act; that she did on July 16, 1949, unlawfully sell alcoholic liquor to other persons in violation of law and did keep and maintain on the premises in question alcoholic liquor for unlawful purposes; that she kept alcoholic liquor on said premises for sale for a long time prior to July 16, 1949; that she was licensed to sell cereal malt beverages; that she permitted persons to resort to the premises for the purpose of drinking and consuming alcoholic liquors; that she did set up and keep for gambling purposes at diverse times prior to July 16, 1949, slot machines and other gambling devices known as bingo sticks or pull type punch boards; that she possessed and maintained approximately two cases of alcoholic liquor on said premises on July 16, 1949; that the possession and sale of alcoholic liquor on the premises in question is unlawful and in contravention of the law pertaining to licenses under the cereal malt beverage act; that the premises are unlawfully maintained and are a common nuisance to the people of the state of Kansas, and should be abated, closed and padlocked as a common nuisance. The petition asks that the court issue a restraining order against appellant from keeping and maintaining a common nuisance, and on final hearing to adjudge the premises and buildings in question to be a common nuisance and that the nuisance be abated by order of the court, and the premises closed and padlocked for a period of not less than three months nor more than two years, or until the laws of Kansas are complied with, and for other relief not material to the issues involved herein.

Issues were joined between the parties and the case was submitted to the court on the evidence taken at the hearing on the temporary injunction and evidence taken in the companion case of *State v. Wilson* reported in 169 Kan. 659, 220 P. 2d 121, and depositions therein.

The court found that appellant's tavern premises were a common nuisance; that appellant did on or about July 16, 1949, keep in her possession on her premises alcoholic liquors in violation of law; that she did at diverse times within two years prior to the institution of the action sell alcoholic liquors to other persons from said premises;

that she was licensed to sell cereal malt beverages from said premises at said times and kept alcoholic liquors thereon; that she did permit persons to gamble on gambling devices which she had set up; and ordered the premises padlocked and enjoined appellant from operating and maintaining a nuisance on said premises for a period of one year.

Appellant admits that the evidence was sufficient for the court to decree an injunction if the law permitted such.

Appellant contends the court erred (1) in granting an injunction under the cereal malt beverage act because the provisions of that law were repealed by the 1949 Liquor Control Act; (2) in abuse of discretion in padlocking the premises, since there was no evidence of a continuance of such violations; and (3) that the state had a plain and adequate remedy at law.

As to appellant's first contention, the record does not disclose that the lower court granted the injunction under the cereal malt beverage act, and that act has no application here. An examination of the petition and order of the court reveals that the injunction on the gambling features was granted under G. S. 1935, 21-918, and the injunction and padlock order were granted under chapter 242, Laws of 1949, known as the Kansas Liquor Control Act. The pertinent part of section 94 of that act provides that any house, building or place of any kind where alcoholic liquors are sold, bartered or given away in violation of the act, or any building or structure where persons are permitted to resort for the purpose of drinking alcoholic liquors or any place where liquors are kept for sale in violation of the act are declared to be a common nuisance. Pertinent parts of section 95 provide that the county attorney in any county in which such nuisance exists may maintain an action for injunction in the name of the state of Kansas to abate and temporarily and permanently enjoin such nuisance. Upon final judgment against the defendant, the court shall order that such room, house, building, structure or place of any kind shall be closed and padlocked for a period of not less than three months nor more than two years and until the owner or occupant thereof shall give bond with sufficient surety in the sum of not less than one thousand dollars, conditioned that no alcoholic liquor will for a period of two years thereafter be possessed, sold, bartered, or given away; and so forth.

The court found that appellant was licensed to sell cereal malt beverages upon said premises, but that she did not have a retail liquor license to sell alcoholic liquor and that alcoholic liquor was

sold in violation of the law, and that by reason thereof appellant's tavern premises were a common nuisance and the provisions of the mentioned statute made it mandatory for the court to issue the injunction and, without waiting for a violation of such injunction, to order the buildings located thereon padlocked. Obviously the fact that appellant possessed a cereal malt beverage license gave her no right to sell alcoholic liquor.

Appellant also contends that the court should have dismissed the action for the reason the state had an adequate remedy at law under G. S. 1947 Supp., 21-2706. This argument of appellant is not well founded. The administrative remedy to revoke is not exclusive.

Some mention is made in appellant's brief that under section 95, chapter 242, Laws of 1949, she was entitled to post a bond conditioned that the law would not be violated. This is a matter purely within the discretion of the lower court upon proper application being made under said section 95.

We fail to find any place in the record where the court abused its discretion in issuing the injunction and padlock order under sections 94 and 95, chapter 242, Laws of 1949. The judgment is affirmed.