No. 38,463

STATE OF KANSAS, ex rel. CHAMP GRAHAM, County Attorney, *Appellant,* v. RILEY RUSSELL, *Appellee.*

(237 P. 2d 363)

Opinion filed November 10, 1951.

*Champ Graham,* county attorney, argued the cause, and *Harold R. Fatzer,* attorney general, and *Willis H. McQueary,* assistant attorney general, were with him on the briefs for the appellant.

*Owen S. Samuel,* of Emporia, argued the cause, and *George B. Allred,* of Emporia, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: The state appeals from a judgment suspending a padlock order on a building declared to be a common nuisance under provisions of the 1949 Kansas Liquor Control Act. (Chap. 242, Laws 1949.)

The record disclosed liquor had been sold to minors by defendant's operator of the liquor store. The trial court found the premises in question located in the city of Emporia constituted a common nuisance under provisions of the above mentioned act and granted a temporary injunction against its operation. On the trial of the action March 7, 1951, the court declared the premises to be a

common nuisance, enjoined their use until further order of the court and ordered the building and premises padlocked for a period of three months beginning forthwith. Whereupon defendant with consent of the court immediately filed a motion to suspend the padlock order provided that defendant execute a bond in the sum of $1,000, with surety approved by the court, conditioned upon defendant not violating any terms of the liquor control act for a period of two years and that defendant pay all costs assessed against him.

The material allegations of the application, in substance, were: Defendant had resided in the city of Emporia for more than twenty-five years; he had never been arrested or charged with any offense and had always been a law-abiding citizen; neither he nor his agents or employees had knowingly or willfully violated any provisions of the liquor law and if there were any transgressions of the law they were unintentional.

The court sustained defendant's motion and allowed counsel for the state a fee in the sum of $150 for prosecuting the action and taxed the fee as a part of the costs.

Before considering the merits of the appeal we are confronted with appellee's motion to dismiss it on the theory only an abstract question of law is presented and that a judgment on appeal will not affect the rights of the litigants. We find no merit in this contention. To be sure the first three months after the date of the padlock order have expired. The period for which an injunction is granted in any case may expire long before an appellant can be heard on appeal in this court. In the instant case the defendant continues to operate the liquor store. The padlock order was nullified by the suspension order. If the latter order was erroneously issued the padlock order must be enforced. It follows the legal question presented is not moot.

It is the state's, appellant's, contention the court erred in considering and granting appellee's application to suspend the padlock order for the reason that under the provisions of G. S. 1949, 41-806 a padlock order for a minimum term of three months was mandatory and the trial court has no discretion in the matter; that its only discretion was whether it would order the premises padlocked for a longer period than three months but not to exceed two years, citing, *State v. Coleman,* 168 Kan. 159, 211 P. 2d 81; *State v. Wilson,* 170 Kan. 194, 224 P. 2d 669.

On the other hand appellee argues the trial court is not divested of its discretionary power but is vested with the same equitable powers as it possesses in injunction cases generally. In support of this contention he relies on a statement relative to discretionary power contained in the concluding portion of the opinion in *State v. Wilson*, supra, and on other cases holding a court has equitable and discretionary power to make its injunction decrees just and reasonable under the facts and circumstances of the particular case. None of the last class of cases cited touching equitable powers involved the 1949 Kansas Liquor Control Act.

The precise question presented here was not an issue in *State v. Coleman*, supra, or *State v. Wilson*, supra. The instant issue is limited to the narrow question whether the Kansas Liquor Control Act (Chap. 242, laws 1949) makes it mandatory to padlock a building or premises for at least a minimum period of three months when found to constitute a common nuisance under that act.

G. S. 1949, 41-805 provides in part that any room, house, building, etc., found to be used in violation of the act shall be declared to be a common nuisance. The pertinent part of G. S. 1949, 41-806 reads:

"Upon final judgment against the defendant, such court shall allow the attorneys for the state of Kansas a reasonable fee for prosecuting the action which shall be taxed as costs *and shall also order that such room, house, building, structure, boat or place of any kind shall be closed and padlocked for a period of not less than three (3) months nor more than two (2) years,* and until the owner, lessee, tenant or occupant thereof shall give bond with sufficient surety to be approved by the court making the order, in the penal sum of not less than one thousand dollars ($1,000), payable to the state of Kansas, and conditioned that no alcoholic liquor will for a period of two years thereafter be manufactured, possessed, sold, bartered or given away or furnished or otherwise disposed of thereon or therein, or kept thereon or therein with intent to sell, barter, give away, or otherwise dispose of the same, contrary to this act, and that he and his surety will pay all fines and costs assessed against him for any violation of this act."

The intent of the lawmakers is clear. The statute without qualifications requires the court, in the event a room, house, building, etc., is declared a common nuisance to order such place closed and padlocked for a period of not less than three months nor more than two years and until the owner makes the designated bond. The statute contains no permissive feature. It is mandatory. In the face of such clear and definite legislative direction courts are left without discretion in the premises.

Appellee further argues the legislative mandate was fully complied with the moment the court made the padlock order and that having once complied with the statute the court immediately thereafter suspend the operation of the order if in its discretion it found such suspension to be equitable. We cannot agree. To permit such a procedure would permit courts to nullify the legislative intent. It is true that in cases of conviction for violation of certain criminal statutes a court may in effect suspend the operation of the sentence by granting the defendant a parole. That power exists by virtue of express statutory authority vested in the courts to grant paroles. No such power to suspend a padlock order is called to our attention and we fail to find it in the instant act.

We have no hesitancy in concluding that by the Kansas Liquor Control Act the legislature did not intend to leave the question of padlocking premises for a three months' period subject to the court's discretion. The discretion permitted pertains solely to the two year period after the expiration of the first three months.

If we entertained any doubt on the subject of legislative intent, which we do not, such doubt would be completely resolved by a comparison of this act with the old injunction law pertaining to liquor nuisances. It is unnecessary to encumber this opinion with quotations from the old law. See G. S. 1935, 21-2109, et seq., and especially G. S. 1935, 21-2131; 21-2132, and also *State v. Richardson,* 128 Kan. 627, 278 Pac. 752. It will be seen that the old law did not specifically authorize padlocking. It was authorized under our decisions only by reason of contumacious conduct respecting a previous injunction.

Courts are not concerned with legislative policy or the wisdom thereof. Their function is to ascertain the legislative will and to make it effective if reasonably possible to do so. (*State v. Momb,* 154 Kan. 435, 119 P. 2d 544; *Rausch v. Hill,* 164 Kan. 505, 190 P. 2d 357; *State, ex rel., v. Board of Regents,* 167 Kan. 587, 593, 207 P. 2d 373.)

One other subject probably should be mentioned. The application to suspend the padlock order, as already stated, alleged that neither appellee nor his agents or employees knowingly violated the law. It is true the portion of the instant act which provides for the creation of a lien for fines and costs on a building or premises declared to be a common nuisance refers to an owner who knowingly suffers such building or premises to be used in violation of

the act. (G. S. 1949, 41-805 [1].) Knowledge of violation of the act by the owner, however, is not made a condition precedent to the validity of a padlock order.

The judgment suspending the padlock order must therefore be, and it is, reversed with directions to the district court to reinstate its original order.