No. 38,592 and No. 38,593

STATE OF KANSAS, *Appellee*, v. ERNEST ASPINWALL, *Appellant*.

(252 P. 2d 841)

Opinion filed January 24, 1953.

*Lewin E. Timmerman* and *Waldo B. Wetmore,* both of Wichita, argued the cause, and *Z. Wetmore,* of Wichita, was with them on the briefs for the appellant.

*William C. Farmer,* assistant county attorney, argued the cause, and *Harold R. Fatzer,* attorney general, *Paul E. Wilson,* assistant attorney general, and *Thomas F. Seed,* county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Wedell, J.: The defendant appeals from convictions of kidnapping in the second degree and robbery in the first degree.

The facts to sustain the convictions are not in dispute. Only sufficient facts will be narrated to present defendant's contentions. In substance they were about as follows:

On October 18, 1940, the defendant was charged jointly with one LaVerne Eugene Keeling in two separate complaints with commission of the offenses above stated. The case against Keeling was disposed of long ago and is not involved here. Only Ernest Aspinwall appeals. On October 16, 1940, he and Keeling hired a taxi in Wichita and asked the driver, Cecil D. Miller, to take them to a place at the north side of Wichita. At they neared their destination appellant put a gun in the ribs of the taxi driver and ordered him to drive north out of Wichita and to turn off the highway onto Kechi road. Miller did as instructed and after traveling about a mile and a half east he was ordered to stop and to get out of the car. Appellant and Keeling proceeded to rob him of his money at the point of a gun. They then bound and gagged him and put him in the back seat of the taxicab. Keeling then drove and appellant occupied the back seat with a gun on their victim. They then drove through Newton and east to Walton, turned south about a mile and placed their victim in some high weeds behind a fence along the roadside. His hands and feet were tied and he was gagged so he could not move or call for help. Appellant and Keeling drove on until the taxicab broke down. As another party approached to give them assistance they robbed him, gagged him and placed him in the trunk of his car, which they stole. The new victim managed to escape. The following day appellant and Keeling were apprehended and returned to Wichita on October 18 where the two charges mentioned were filed against them. They involve the kidnapping and robbery of Cecil D. Miller.

On December 16, 1940, appellant appeared in the city court and waived preliminary hearings on both complaints. His bond in each case was fixed at $3,000 for his appearance on the first day of the next term of the district court which in Sedgwick county was the January term and began January 13, 1941. On failure to make bond he was committed to the county jail. On January 6, 1941, and during the previous October term, separate informations were filed against him on both offenses. On the first day of the January, 1941, term,

namely, January 13, appellant appeared without counsel. The court appointed Richard Jones of Wichita as his attorney. Appellant waived arraignment, pleaded not guilty on both charges and the date of the trial was set for February 5, 1941. On the latter date appellant appeared with his attorney and requested a continuance over the January, 1941, term. The continuance was granted and the case was continued to the first day of the next, or April, 1941, term.

On March 3, which was within the January, 1941, term of court, appellant escaped from the Sedgwick county jail with a federal prisoner and left the state of Kansas. These two men committed another felony in Oklahoma and appellant was later arrested in Missouri on March 17, 1941, on the charge of burglary and grand larceny. He was incarcerated, at Springfield, Missouri, and was committed to the Missouri state penitentiary May 29, 1941, to serve a seven year sentence. In October, 1941, he entered a plea of guilty to transporting a stolen automobile in interstate commerce before the United States District Court at Jefferson City, Missouri, and his sentence on that offense was made to run concurrently with his sentence in the Missouri penitentiary. After completing his sentence in Missouri he was returned to the Louisiana state penitentiary as a parole violator resulting from an original conviction and sentence to that institution in 1935. Thereafter and until March 3, 1950, he was not available to be returned to Kansas. After his release from the Louisiana penitentiary he was arrested in St. Louis, Missouri, and subsequently returned to Sedgwick county for prosecution on the charges resulting in this appeal.

After his return to Kansas and on March 17, 1950, his attorney filed a motion to quash the information in each case on the ground the state could not afford appellant a trial as provided by section 10 of the bill of rights of the Kansas constitution. These motions were overruled. On March 23, 1950, appellant filed a motion to quash the information in each case on the ground he had no counsel at the time he waived, his preliminary hearing in December, 1940, and requested that he be granted a preliminary hearing with his counsel present in the event the motion to quash was denied. As one of the grounds of his request for a preliminary hearing he stated such hearing would disclose the acts complained of constitute only one offense and if bound over to appear before the district court it should be on only one charge. The pertinent portion of the journal entry covering the hearing on that motion reads:

". . . the Court, finds that the defendant's motion should be sustained

to the effect that said case be remanded to the City Court with instructions that said defendant be given a preliminary hearing.

"It Is Therefore, the judgment of the Court that the Clerk of the District Court is hereby directed to certify said case back to the City Court of Wichita, with instructions that court proceed with a preliminary hearing for said defendant and render such decision as the evidence justifies."

The parties agreed to consolidate the cases for the preliminary hearing. The judge of the city court found probable cause in each case and appellant was bound over to the district court for trial. The bond for appearance in the district court was fixed in each case. On June 20, 1950, an information was filed in the district court on the charge of first degree robbery and on July 7, 1950, an information was filed in the kidnapping case. Each case was separately docketed. During the October, 1950, term of court and on December 15 appellant, appearing with new counsel, requested and was granted a continuance over the term to the January, 1951, term. On January 8, 1951, appellant appeared with his attorney and waived arraignment, pleaded not guilty and the date for trial was set. On February, 14, 1951, the state filed a motion to consolidate the cases for trial for the reason that a trial on one information would constitute a bar to a prosecution on the other. On the hearing of that motion the court found both charges arose out of the same chain of events and the two cases properly could be tried as two counts in the same information. It consolidated the cases for trial.

Thereafter appellant filed a plea in abatement in the robbery case as follows:

"That the order and journal entry, dated October 6, 1941, and filed October 7, 1941, continuing Case No. A-1445, the original proceeding in this action, off the docket of this court was equivalent to a dismissal or abandonment of the prosecution of the matters therein contained. That no other proceeding was commenced by complaint filed and warrant issued within two years after the alleged robbery in the first degree of Cecil Miller on October 16, 1940, despite full knowledge on the part of the Office of the County Attorney and Law Enforcement Officers of said alleged crime of robbery in the first degree. That the case was never properly replaced upon the docket subsequent to continuing it off the docket as outlined above.

"That no process was issued until March 8, 1950, for the apprehension of said defendant for said crime of robbery in the first degree after his alleged escape on March 3, 1941; nor was the case continued from term to term as required by Section 62-1228 of General Statutes of Kansas 1935.

"That no proceeding was commenced by the State of Kansas against the defendant for any alleged escaping before conviction, having been in lawful imprisonment, that there was no finding or showing of any escaping before conviction until March 8, 1950, before which date defendant was not brought

to trial before the end of the second or third term, all as required by Sections 62-1431 and 62-1432 General Statutes of Kansas, 1935.

"That all proceedings in Case No. A-1445 after said case was continued off the docket and all proceedings in Case No. A-32946 were void and of no effect for the foregoing reasons; that the court is now without jurisdiction to try said cause.

"WHEREFORE, defendant prays that this action be abated; that said information be not sustained; that he be discharged from further custody."

A similar plea was filed in the kidnapping case.

We now return to proceedings in the district court in October, 1941, after it was learned appellant was incarcerated in a foreign penal institution and would not be available for trial in Kansas for years to come. In order to avoid the necessity of calling these cases at the beginning of each term the state moved to continue the cases off the docket. The journal entry of October 6, 1941, pertaining to the hearing on that motion discloses the following:

"Thereupon, it is shown to the Court that the defendant, Ernest Aspinwall, is now incarcerated at the State Penitentiary in Missouri.

"The Court, being fully advised in the premises, finds that the above entitled cause should be continued off the docket at this time.

"IT IS THEREFORE ORDERED that the Clerk of the District Court of Sedgwick County, Kansas, *discontinue the showing* of the above entitled case upon the docket of this Court.

"IT IS FURTHER ORDERED *that said cause may be replaced upon the docket of this court at any time in the future that this Court may so order it to be placed thereon.*" (Our italics.)

On the hearing of appellant's pleas in abatement it was stipulated by the parties:

"1. That no complaint has been filed against the defendant, Ernest Aspinwall, charging him with breaking custody in connection with his departure from the Sedgwick County Jail on the 3rd day of March, 1941.

"2. That no docket entries were made or Journal Entries filed between the 7th of October, 1941, and the 8th of March, 1950.

"3. That the defendant, Ernest Aspinwall, was not personally present within the limits of the State of Kansas at any time between the 17th of March, 1941, and the 13th of March, 1950."

The order denying the pleas in abatement reads:

"THEREUPON, the Court, after listening to the evidence and the arguments of counsel, having reviewed the files of the case, and being fully advised in the premises, makes the following findings, to wit:

"That the facts above stipulated to by the counsel for the State and counsel for the defendant are true and correct, and said stipulations are approved and accepted by the Court.

"The Court further finds that the Journal Entry of October 6, 1941, was not a Journal Entry of Dismissal or of final disposition of the case, and does not

now constitute a bar to the further prosecution of said defendant on the information filed herein.

"The Court further finds that said defendant has not been personally present within the State of Kansas for an aggregate period of two (2) years since the alleged crime was committed on October 16, 1940; and that the statutory limitations for the commencement of a criminal action against said defendant for this crime *has* not expired.

"The Court further finds that said defendant has not been prejudiced by the procedure followed in the handling of this case."

The trial of the cases was commenced March 12, 1951. After the jury was duly impaneled appellant's counsel objected to the introduction of testimony by the state for the following reasons:

"1. That the action should have been abated.
"2. That the consolidation of these causes was improper.
"3. That there was lack of diligent prosecution.
"4. That the information should have been quashed.
"5. That the court was without jurisdiction in either case."

The objection was overruled.

At the conclusion of the state's evidence appellant's motion to be discharged was overruled.

The jury returned a verdict of guilty on both charges. The important grounds of appellant's motion for a new trial are reflected in his contentions on appeal. The cases have been consolidated on appeal by stipulation of the parties.

It has been observed appellant's primary complaints pertain to alleged lack of jurisdiction of the district court to try the actions. He first argues the district court dismissed the actions in October, 1941. We cannot agree. The mere continuance of the cases off the docket after the court was informed appellant had escaped and was serving an extended sentence in another state did not constitute a dismissal of the actions. The express terms of the court's order are to the contrary. It was a mere suspension of active proceedings which dispensed with the necessity of entering formal continuances upon succeeding dockets. The order discloses the cases were merely to be ".  .  . continued off the docket at this time" and that, ".  .  . said cause may be replaced upon the docket of this court at any time in the future that this Court may so order it to be placed thereon." The same order was made in each case. The orders were in no sense a dismissal, an acquittal or a bar to future prosecution. They permitted a revival of the proceedings on the original bill. (15 Am. Jur., Criminal Law, § 405; 18 A.L.R. 1153.) Manifestly appellant's rights were in nowise prejudiced thereby.

Appellant places great stress on the fact that on the back of the journal entry in one of the cases was contained the words, "Case closed." This was clearly a clerical error on the part of someone and it was contrary to the court's written order previously mentioned. The point is purely technical and under our legislative mandate must be ignored. (G. S. 1949, 62-1718.)

Appellant argues the district court lost its jurisdiction by remanding the cases to the city court for a preliminary examination. Appellant is in no position to make that complaint. He had waived his preliminary examination in 1940. Another preliminary examination was granted appellant only by reason of his own request. It was based on the ground he did not have counsel in 1940. A preliminary examination in a felony case is not a trial in the sense the word ordinarily is used. (*State v. Badders*, 141 Kan. 683, 685, 42 P. 2d 943.) There is no showing he requested counsel at that time. Absent a statutory requirement to appoint counsel, without a request therefor, and there was no such statute in 1940, appellant's constitutional rights were not invaded by waiving his preliminary examination without counsel. (*Fry v. Hudspeth*, 165 Kan. 674, 676, 197 P. 2d 945.)

It was entirely discretionary with the trial court whether it would grant the request for another preliminary examination. The court's order allowing the request was a courtesy to appellant and was accorded him only with a view of making doubly sure his rights would be fully protected. Appellant argues the district court might have given him a preliminary hearing but it lost its jurisdiction by remanding the case to the city court for that purpose. The contention is not good. It has been held the mere absence of statutory authority for one justice of the peace to transfer a case for preliminary examination to another justice of the peace did not invalidate the proceedings had before the latter whereby the accused were bound over to the district court and did not justify their release thereafter from custody of the sheriff on a writ of habeas corpus. (*King v. McKnight*, 120 Kan. 692, 245 Pac. 105.) The material part of G. S. 1949, 20-301 provides:

". . . a district court . . . shall have general original jurisdiction of all matters, both civil and criminal (not otherwise provided by law) . . . and shall have a general supervision and control of all such inferior courts, and tribunals, to prevent and correct errors and abuses."

In commenting on the power of a district court to order the first magistrate to proceed with the preliminary examination this court, in the King case, *supra*, said:

"That might have been done. The district court has broad supervisory powers over all inferior courts and magistrates (R. S. 20-301), and any practical arrangement for giving the petitioners a prompt preliminary examination and and yet preserving the state's right to follow up the criminal proceedings already begun would have been within the district court's discretion under its supervisory control of inferior courts and tribunals." (p. 696.)

It is needless to unduly labor this point. We do, however, pause to observe that under the circumstances previously narrated the filing of new informations did not in legal contemplation constitute the filing of original actions after the actions had become barred. In substance they constituted merely a revival of the old informations which were filed long before the two-year statute of limitations had run and appellant could have been tried on the latter at any time he returned to this state. It is also noteworthy the journal entry actually discloses appellant requested the cases be remanded to the city court for preliminary examination. If inaccurate the record reflects no attempt by appellant to correct that recital. Moreover appellant made his appearance in the district court and joined issues on the merits of the new informations by entering his plea of not guilty. Later he invoked the jurisdiction of the court by requesting and obtaining a continuance of the trial.

This is not a case of amending as to substance an information which was originally filed after the action was barred. For an extensive and thorough treatment of the latter subject see *State v. Schonenberger*, 173 Kan. 665, 250 P. 2d 773.

Appellant argues when a defendant absconds process must issue for him in order to avoid the necessity of continuing the cause from term to term. (G. S. 1949, 62-1228.) We think the court's order of October 6, 1941, to continue the cases in effect continued them from term to term until the court should order them redocketed. At the time the cases were so continued the county attorney advised the court he would file an alias warrant. That, however, appears to have been overlooked. An alias warrant would have served no useful purpose as it was then known appellant was confined in the Missouri penitentiary. Alias warrants were subsequently issued in 1950 pursuant to a hearing before the court disclosing the grounds therefor. In view of the provisions of G. S. 1949, 62-1718, we manifestly would not be justified in reversing the judgment on this complaint. No possible prejudice resulted to appellant from a failure to issue an alias warrant immediately after his escape.

Appellant advances the contention he was deprived of a speedy trial in contravention of section 10 of our bill of rights. He does so

notwithstanding the fact he escaped from custody and absconded before the end of the January, 1941, term to which term he was bound over to appear in the district court.

The first preliminary hearing was in October, 1940, which was during the October, 1940, term of the district court. The January, 1941, term commenced January 13, 1941. The county attorney had filed the informations during the October term, namely, on January 6. The cases were called on January 13, the opening day of the January Term. Appellant appeared without counsel. The court appointed counsel for him. Arraignment was waived and appellant pled not guilty. The case was set for trial February 5. On the latter date appellant appeared with counsel and requested a continuance over the entire January term, which was to April 1. The continuance was granted. Appellant escaped on March 3, during the January term.

Appellant now contends he was deprived of a speedy trial on the ground G. S. 1949, 62-1301 required he be tried during the October term, that being the term in which the informations were filed. In other words he contends he should have been tried immediately before the end of the October term, which would have been between January 6 and January 13, 1941. That statute reads:

"All indictments and informations shall be tried at the first term at which the defendant appears, unless the same be continued for cause. If the defendant appear or is in custody at the term at which the indictment or information is found, such indictment or information shall be tried at that term, unless continued for cause."

Appellant did not appear and was not arraigned until January 13, 1941. He, however, was in custody. Appellee advises no jury was in session during the last week of the October term but, of course, would be called for the January term. The record discloses no request by appellant to be tried immediately. Without unduly stressing that fact we find appellant did not desire an early trial as he expressly requested a continuance over the next or January term. Under the circumstances narrated we would not be justified in concluding appellant's substantial rights were prejudiced by the fact he was not tried immediately after the informations were filed. G. S. 1949, 62-1431 prescribes the penalty for failure to bring to trial a defendant who is committed to imprisonment. It reads:

"If any person under indictment or information for any offense, and committed to prison, *shall not be brought to trial before the end of the second term*

of the court having jurisdiction of the offense which shall be held after such indictment found or information filed, he shall be entitled to be discharged so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner, or shall be occasioned by the want of time to try the cause at such second term." (Our italics.)

Statutes *in pari materia* must be construed together. Appellant would not have been entitled to a discharge even though it be held the term in which an information is filed is to be counted in computing terms when a defendant, as here, is committed to prison. (*In re Garner*, 134 Kan. 410, 5 P. 2d 821.) See, also *Nicolay v. Kill*, 161 Kan. 667, 670, 170 P. 2d 823. Here appellant obtained a continuance at his own request over the second term even though the October term be counted as the first term. It will serve no useful purpose to review the various cases cited by appellant. They are not factually in point and the decisions are not controlling. Neither appellant's constitutional nor statutory rights was violated. Insofar as terms of court after his escape are concerned appellant lifted himself out of the protective coverage of both the statutes and section 10 of our bill of rights. (*McCullough v. Hudspeth*, 168 Kan. 39, 210 P. 2d 413.)

Appellant contends the court erred in consolidating the two cases for trial. We find it somewhat difficult to understand the logic of this argument. Appellant agreed to the consolidation of the cases on his first preliminary hearing. He concedes the actions proprerly could have been joined as separate counts in the same information. Both offenses grew out of the same identical chain of circumstances. It was difficult, if not impossible, to prove one offense without proving the other. Appellee explains its reasons for not originally joining both charges in the same information and states it followed the first decision in *State v. Momb*, 150 Kan. 674, 95 P. 2d 349, and that it later asked for a consolidation of the actions after this court reversed its first decision in the Momb case. (*State v. Momb*, 154 Kan. 435, 119 P 2d 544.) The Momb cases involved an interpretation of G. S. 1949, 62-1449. We need not review those decisions. They speak for themselves.

Appellee's reasons for filing the actions as it did are, of course, interesting but we shall not pursue them. The real question is whether the consolidation of the instant cases constituted reversible error. We do not think so. Both parties rely on certain statements contained in the rather recent case of *State v. Neff*, 169 Kan. 116, 218 P. 2d 248, in which the defendant objected to the joinder of two

counts of murder of different persons in the same information. One count alleged the murder of the defendant's wife by means of poisoning. The other alleged the murder of Kenneth Wynn by means of a rifle shot. The state's theory of joinder was that both murders were part of a comprehensive plan, purpose, scheme and design on the part of the defendant, Neff, to eliminate his wife and Kenneth Wynn in order that he might be in the company of Olevia Wynn, the wife of Kenneth Wynn, as much as possible without interference. We said that, "Ordinarily the question of proper joinder of offenses rests in the exercise of sound judicial discretion," (p. 122) and further stated:

"Where offenses constitute one comprehensive plan, transaction, or one offense is a corollary to the other they may be joined and this is true whether they be of the same general character or not." (p. 121.)

In the instant case it is conceded both the kidnapping and the robbery of Cecil Miller arose out of the same identical chain of circumstances. The cases were so nearly related in plan, purpose and time as to make it practically impossible to separate the proof therof. No possible prejudice could have resulted to appellant by their consolidation. In legal effect the trial was had in the same identical manner as though both charges had been alleged under separate counts of the same information. We need not write a treatise on the question of the various types of cases which must be joined in the same information by reason of G. S. 1949, 62-1449 and the last decision in the Momb case, *supra*. It is sufficient to say the proper practice would have been to join both charges as separate counts in the same information but under the circumstances, previously narrated, it was not reversible error to consolidate the cases for trial.

The judgment is affirmed.