No. 41,403

J. A. Slayman, *Appellant*, v. Roy E. Steinhoff, *Appellee*.

(340 P. 2d 98)

Opinion filed June 13, 1959.

*Willis H. McQueary*, of Osawatomie, argued the cause, and *Harry Coffman*, of Lyndon, was with him on the briefs for the appellant.

*David H. Fisher*, of Topeka, argued the cause, and *Donald Patterson*, of Topeka, and *Owen S. Samuel*, of Emporia, were with him on the brief for the appellee.

The opinion of the court was delivered by

Jackson, J.: This appeal again involves the construction of G. S. 1949, 7-104, relative to the appearance of lawyers from other states in Kansas courts. The petition in the instant case was signed by a regularly practicing member of the Miami County Bar and filed before the District Court of Osage County. The names of certain Missouri lawyers were shown on the pleading as attorneys for the plaintiff along with the Kansas lawyer. Although the point is not here for decision in this appeal, it may be that the statute of limitations had nearly expired when this action was filed on August 13, 1958. Be that as it may, on September 9, 1958, defendant filed a motion to strike the petition on the ground that there had been no compliance with section 7-104. The district court sustained the motion to strike, and plaintiff has appealed.

It may be noted that this case presents a question not involved in any of our former constructions of the above statute (*Bradley v. Sudler*, 172 Kan. 367, 239 P. 2d 921; *Bradley v. Sudler*, 174 Kan. 293, 255 P. 2d 650; *Dyche v. Crawford*, 183 Kan. 441, 327 P. 2d 1047). It appeared without question in the Bradley case that the foreign attorney filed the case in the first instance without associa-

tion of any Kansas lawyer, and did not comply with the terms of the above statute at any time. Here a fully qualified Kansas attorney signs and files the original petition.

The above statute is designed to provide for the appearance of foreign attorneys before the courts of this state and to insure that the court will have ready jurisdiction over counsel involved in the case at all times. The statute was not designed to govern the appearance of regularly practicing members of the Kansas Bar.

It may be noted that the plaintiff resided in Miami County and the names of his attorneys appeared at the end of the petition in this case as follows:

"SEBREE, SHOOK, HARDY and OTTMAN
915 Grand Avenue, Kansas City, Missouri
Telephone—BAltimore 1-3611
WILLIS H. McQUEARY
561 Main Street, Osawatomie, Kansas
Telephone—PLateau 5-4245
Attorneys for Plaintiff
By: /s/ Willis H. McQueary."

It may also be noted that the signature of Mr. McQueary was the only real signature appearing on the petition. Mr. McQueary signed the praecipe for summons alone.

It would appear that Mr. McQueary, as a regularly practicing member of the Bar of this state, needed no associate to enable him to file a lawsuit in the District Court of Osage County on behalf of a client. We think that the trial court might well have refused to recognize the foreign attorneys as counsel in the case, but that the court erred in striking a petition under G. S. 1949, 7-104, when the petition contained the signature at the time of filing of a regularly practicing member of the Bar of this state.

Certain other questions arose on the hearing of the motion to strike before the trial court and on the oral argument before this court. It may be noted in passing that the foreign attorneys do not appear as counsel in this appeal, and that a well-known attorney of the Osage County Bar has appeared as one of the counsel for appellant. Those other questions need not be decided on this appeal and are reserved.

From the foregoing, it appears that the order of the district court herein appealed from must be reversed. It is so ordered.

PRICE, J., concurs in the result.