No. 41,498

PAN AMERICAN PETROLEUM CORPORATION, a Corporation, *Appellee*, v. CITIES SERVICE GAS COMPANY, a Corporation, *Appellant*.

(341 P. 2d 1012)

Opinion filed July 10, 1959.

*Willard N. Van Slyck, Jr.,* of Topeka, and *Sam Riggs,* of Liberal, argued the cause, and *C. C. Mount, O. R. Stites, Joe Rolston* and *Charles V. Wheeler,* of Oklahoma City, Oklahoma, *Clayton E. Kline,* of Topeka, and *Ronald Kaarbo,* of Liberal, were with them on the briefs for the appellant.

*George C. Spradling,* of Wichita, argued the cause, and *W. W. Heard* and *John F. Jones,* of Tulsa, Oklahoma, and *Charles Vance,* of Liberal, were with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is another appeal involving the construction of G. S. 1949, 7-104 relative to the appearance in Kansas courts of lawyers from other states.

Briefly, the record discloses that Mr. George C. Spradling, a regularly admitted and practicing lawyer of this state, with law offices in Wichita, Sedgwick county, prepared, signed and filed before the district court of Seward county a petition on behalf of plaintiff, associating with him as attorneys for plaintiff certain Oklahoma lawyers. Not only did Mr. Spradling personally sign the petition, but he also, alone, signed the praecipes for summons. Subsequently, defendant filed its motion to strike the petition on the ground there had been no compliance with section 7-104. From an order of the trial court overruling the motion, defendant appeals.

Mr. Spradling, as a regularly practicing member of the bar of this state, needed no associate counsel, either foreign or local, to enable him to file a lawsuit in Seward county on behalf of his client. G. S. 1949, 7-104 has no application to such a member when filing a petition on behalf of a client in any of the courts of this state, and the fact that Mr. Spradling did associate foreign counsel with himself does not alter the situation.

No useful purpose would be served by prolonging the discussion in this case. Suffice it to say that the same questions were presented and considered in our recent case of *Slayman v. Steinhoff,* 185 Kan. 88, 340 P. 2d 98, and what was said there is sufficient to affirm the judgment of the trial court in this case. It is so ordered.