No. 36,823

JOYCE FELTON, *Appellant*, v. SUSAN F. RUBOW, *Appellee*.

(179 P. 2d 935)

A. K. STAVELY, judge. Opinion filed May 3, 1947.

*A. C. Markley,* of McAlester, Okla., was on the briefs for the appellant.

*Alex Hotchkiss,* of Lyndon, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: The appeal in this case is from an order of the district court dismissing plaintiff's action upon the ground that the court had no jurisdiction thereof.

Briefly stated the facts are: John C. Rubow, a resident of Osage county and the owner of a described eighty-acre tract of land in Osage county, died intestate in October, 1945, leaving as his sole heirs at law his widow, Susan F. Rubow, and his daughter, Joyce Felton. The widow was duly appointed administratrix of the estate

of the decedent and filed an inventory of the assets of the estate in which she listed, "Real estate: None." Ignoring the probate court, counsel for the daughter filed this action in the district court alleging she was the owner of an undivided one-half interest in the land, that she had made demand upon defendant for the joint possession and use of an undivided one-half interest therein, which demand had been denied, and praying for possession, use, accounting of rents and profits, and for partition and the quieting of title. Defendant filed a motion to dismiss the action on the ground and for the reason that the petition shows the administration of the estate was pending in the probate court. The court heard that motion and specifically found:

"That plaintiff's action is a claim by inheritance against the only other heir at law of John C. Rubow, deceased, for the recovery of an interest in real estate owned by John C. Rubow at the time of his death and that administration of the estate of said John C. Rubow, deceased, was at the time of filing said action and now is pending in the Probate Court of Osage County, Kansas, and that this Court has no jurisdiction of said action."

The court adjudged and ordered that the action be dismissed and the costs taxed to plaintiff.

Our probate code (Laws 1939, ch. 180, now G. S. 1945 Supp., ch. 59), the pertinent sections of which will be referred to, provides a complete system of laws for the administration upon and distribution of estates of decedents. By section 59-301, "The probate courts shall be courts of record, and, within their respective counties, shall have original jurisdiction: . . . (2) To grant and revoke letters . . . of administration. (3) To direct and control the official acts of . . . administrators, to settle their accounts, and to order the distribution of estates. . . . (5) To determine the heirs . . . of decedents. . . . (12) And they shall have and exercise such equitable powers as may be necessary and proper fully to hear and determine any matter properly before such courts." The procedure for administration of the estate of an intestate decedent begins with the filing of a petition for administration (59-2219), the giving of notice for administration (59-2222), and a hearing upon the petition (59-2232). The procedure is adversary as distinct from *ex parte*. When the administrator is appointed he is required to file an inventory (59-1201), and may file a supplemental inventory (59-1203). If anyone thinks property has been omitted from an inventory he may file a petition for disclosure (59-2216), upon which a hearing

shall be had and appropriate orders made. "The . . . administrator shall have a right to the possession of all the property of the decedent," (59-1401) with exceptions not here pertinent.

When the estate has been fully administered the administrator shall file a petition for a final settlement and accounting, "and a determination of the persons entitled to the estate of a decedent," notice of the hearing of which shall be given (59-2247). There may be a determination of advancements (59-2248). Upon the hearing of a petition any competent evidence may be offered, the correctness of the account of the administrator shall be determined, and "Upon such settlement . . . the court shall determine the heirs, . . . entitled to the estate and assign the same to them by its decree. The decree shall name the heirs, . . . describe the property, and state the proportion or part thereof to which each is entitled. Said decree shall be binding as to all the estate of the decedent, whether specifically described in the proceedings or not." (59-2249.)

The statute (59-2401 *et seq.*) makes ample provision for appeal to the district court by anyone aggrieved by a judgment or decree of the probate court.

Other sections of the statute might be referred to, but we deem these sufficient for the case before us. It is clear that these statutes place in the probate court the original jurisdiction of all matters attempted to be raised by the plaintiff in the proceedings here filed in the district court; hence the probate court was the proper court for plaintiff to proceed. The district court had no jurisdiction of the matter unless there had been an appeal from some judgment or decree of the probate court. Various phases of this matter have been adjudicated in numerous of our decisions. (*Foss v. Wiles,* 155 Kan. 262, 268, 124 P. 2d 438; *Burns v. Drake,* 157 Kan. 367, 139 P. 2d 386; *Gantz v. Bondurant,* 159 Kan. 389, 393, 155 P. 2d 450.) This list is not intended to be complete.

Counsel for appellant cites *Kininmonth v. Carson,* 156 Kan. 808, 818, 137 P. 2d 173, and *Sheedy v. Willoughby,* 157 Kan. 508, 142 P. 2d 801. Neither of these cases is in point, as an examination will clearly disclose.

Counsel for appellant is a nonresident of this state. Obviously he is not familiar with our statutes pertaining to the estates of deceased persons nor with the jurisdiction of our courts pertaining to such estates. He ignored our statute (G. S. 1945 Supp., 7-

104) which required him to have an attorney in this state associated with him. Our recent legislature has amended the statute last mentioned (Senate bill No. 234) with the hope of avoiding such miscarriages of justice in the future.

The judgment of the trial court is affirmed.