No. 38,531

Richard L. Bradley, *Appellee,* v. Mervin T. Sudler, *Appellant.*

(239 P. 2d 921)

Opinion
filed January 26, 1952.

*Henry H. Asher*, of Lawrence, argued the cause and *C. M. Gorrill, Alan F. Asher* and *Richard A. Barber*, all of Lawrence, were with him on the briefs for the appellant.

No appearance for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from an order overruling a motion to strike the petition in a damage action.

The question involved concerns the jurisdiction of a court to entertain an action when the petition on file shows on its face that compliance with G. S. 1949, 7-104, with reference to the association of local counsel, has not been made.

The factual background of the matter is this:

On January 24, 1951, plaintiff filed the action. His petition was signed:

"Thomas Paul Downs,
    501 Columbia Bank Building,
    Kansas City 6, Missouri,
    HA 0710,
        Attorney for Plaintiff."

On February 15, 1951, defendant answered by way of a general denial.

The case was set for trial for June 6, 1951. On June 5th defendant filed a motion entitled "Motion to Strike," the material portions of which are:

"Now Comes the Defendant . . . and moves the Court to strike from the files in this case the alleged Petition of the Plaintiff filed herein and to strike from the Docket of this Court all of the proceedings and filings herein for the following reason, to-wit:

"That it is provided by Section 7-104 of the General Statutes of Kansas of 1949, as follows:

(Quoting from statute.)

"Defendant shows to the Court that the person who signed the Petition in

this cause resides in and has his office in the City of Kansas City, Missouri, and is admitted to practice in the State of Missouri, and has not associated with him in this cause any Attorney who is a resident of and maintains his law office within the Fourth Judicial District, and that it has not been made to appear by a written showing filed herein that he has associated with him such Attorney, and that this Court is prohibited by law from entertaining this action or any matter, hearing, or proceeding in connection therewith by reason of said Statute."

On June 6, 1951, this motion to strike was overruled and the parties were directed to proceed to trial. Counsel for plaintiff made an oral request for a continuance. The court directed him to file a statutory affidavit for such, if he so desired. This was done. The court found the affidavit for continuance to be insufficient and denied the motion. Counsel for plaintiff then announced that he was unprepared and unwilling to proceed to trial as directed by the court. Defendant moved to dismiss the action for want of prosecution. This motion was sustained and the court ordered that the action be dismissed for want of prosecution, and that defendant recover judgment against plaintiff for costs.

Notwithstanding the action was dismissed, defendant, for reasons good and sufficient to him, but which for the purposes of this appeal we do not consider material or necessary to discuss, in due time appealed from the order overruling the motion to strike the petition from the files and docket. The notice of appeal was served on plaintiff personally. The specification of error is:

"The Trial Court erred in overruling Appellant's Motion to Strike the Petition and all proceedings in said cause from the files, and in entertaining said action."

G. S. 1949, 7-104, reads:

"Any regularly admitted practicing attorney in the courts of record of another state or territory, having professional business in the courts or before any board, department, commission or other administrative tribunal or agency, of this state, may, on motion be admitted to practice for the purpose of said business only, in any of said courts, tribunals or agencies, upon taking the oath as aforesaid and upon it being made to appear by a written showing filed therein, that he has associated and personally appearing with him in the action, hearing or proceeding an attorney who is a resident of and duly and regularly admitted to practice in the courts of record of this state, upon whom service may be had in all matters connected with said action, hearing or proceeding, with the same effect as if personally made on such foreign attorney, within this state, and such foreign attorney shall thereupon be and become subject to the order of, and amenable to disciplinary action by the courts, agencies or tribunals of this state: *Provided*, That in all actions before a court of record,

said associate attorney shall be a resident of and maintain his law office within the judicial district in which said action is filed or pending. No such court, agency or tribunal shall entertain any action, matter, hearing or proceeding while the same is begun, carried on or maintained in violation of the provisions of this section: *Provided,* Nothing in this section shall be construed to prohibit any party from appearing before any of said courts, tribunals or agencies, in his own proper person and on his own behalf."

With commendable frankness, defendant concedes that ordinarily the denial of a motion to strike a petition is not an appealable order unless such motion can be said to be the equivalent of or tantamount to a demurrer, but he argues that this motion was tantamount to a demurrer in that it directly challenged the jurisdicion of the court to entertain or consider the petition in the form in which it was filed. Be that as it may, irrespective whether the motion under consideration be considered as the equivalent of a demurrer, and irrespective of the reasons which prompted this appeal, we think the order overruling the motion is appealable. Here we are not dealing with the usual or ordinary motion to strike or dismiss, but rather with a motion based solely on the proposition that under this special statute the court had no jurisdiction whatever to entertain the action.

The question, then, is—Should the court have stricken the petition from the files and docket?

It appears that the precise question has never been before this court for decision.

Insofar as the facts of this case are concerned we have no difficulty in applying what appears to be the clear mandate of the statute, and we confine ourselves to those facts.

The petition shows on its face that the attorney who filed it is a "regularly admitted practicing attorney in the courts of record of another state." The statute provides that such an attorney may, on motion, be admitted to practice in a court of this state for the purpose of the particular business at hand upon a written showing that he has associated and personally appearing with him in the action or proceeding an attorney who is a resident of and duly admitted to the practice of law in Kansas, and who is also a resident of and maintains his law office within the judicial district in which the action or proceeding is filed or pending.

Nowhere in the petition, or in any other document filed, is there a showing of any kind that counsel for plaintiff even attempted to comply with the plain and unambiguous requirement of the statute.

The statute further provides that no court shall *entertain* any action or proceeding while the same is begun, carried on or maintained in violation of its provisions. As here used we think the word "entertain" means "to receive and take into consideration." (30 C. J. S., p. 261.) In other words, any pleading filed which on its face shows a violation of the statute is the same as no pleading at all, and a court is expressly prohibited from "entertaining" it—that is, from receiving and considering it.

In its application to certain isolated instances the statute may be somewhat ambiguous in that it is silent on the matter of *residence* of such "foreign" attorney, and as to its application to a "foreign" attorney who is *also* admitted to the practice of law in Kansas. However, the remedy must lie with the legislature—not this court. Here the petition showed on its face that the attorney who filed it was subject to the provisions of the statute and that he did not comply with those provisions. Under such circumstances the court simply had no jurisdiction to entertain or consider the petition and we think it should have been stricken.

For the reasons stated, the order of the lower court is therefore reversed with directions to sustain the motion to strike.

THIELE, J., not participating.