No. 38,857

RICHARD L. BRADLEY, *Appellee*, v. MERVIN T. SUDLER, *Appellant*.

(255 P. 2d 650)

Opinion filed April 11, 1953.

*Henry H. Asher,* of Lawrence, argued the cause, and *C. M. Gorrill, Alan F. Asher* and *Richard A. Barber,* all of Lawrence, were with him on the briefs for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

WEDELL, J.: The defendant appeals from an order overruling his motion to strike the petition and all proceedings in the case from the files.

This is the second chapter of an appeal in the same case. The appeal involves substantially the same legal question presented in the former appeal. (*Bradley v. Sudler,* 172 Kan. 367, 239 P. 2d 921.) We there said:

"The question involved concerns the jurisdiction of a court to entertain an action when the petition on file shows on its face that compliance with G. S. 1949, 7-104, with reference to the association of local counsel, has not been made.

"The factual background of the matter is this:

"On January 24, 1951, plaintiff filed the action. His petition was signed:

"'Thomas Paul Downs,
" 501 Columbia Bank Building,
" Kansas City 6, Missouri,
" HA 0710,
"Attorney for Plaintiff.'"

We held:

"By the provisions of G. S. 1949, 7-104, which require that 'any regularly admitted practicing attorney in the courts of record of another state' having

professional business in the courts of this state shall have associated and personally appearing with him in such action or proceeding an attorney who is duly and regularly admitted to the practice of law in this state and who also resides and maintains his law office within the judicial district in which the action is filed or pending and that such fact shall be made to appear by a written showing filed therein, no court shall entertain any action or proceeding while the same is begun, carried on or maintained in violation thereof.

"The word 'entertain,' as used in the above-mentioned statute, means 'to receive and take into consideration.'

"In an appeal from an order overruling a motion to strike a petition the record is examined and it is *held:* (*a*) The petition showed on its face that it was filed by a 'foreign' attorney within the meaning of the above-mentioned statute; (*b*) that the requirements of the statute with reference to the association and personal appearance of local counsel had not been met; and (*c*) absent any written showing that compliance with the statute had been made the court had no jurisdiction to entertain or consider the petition and the motion to strike the same should have been sustained." (Syl. ¶¶ 1, 2, 3.)

Following that decision the petition was changed only as to the amount of damages claimed. This petition now bears the names and addresses of the following attorneys:

"/s/ Thomas P. Downs
"THOMAS P. DOWNS
"Attorney for Plaintiff
"912 Columbia Bank Bldg.
"Kansas City, Missouri
"Grand 7570

"/s/ Edward Rooney
"EDWARD ROONEY
"New England Building
"Topeka, Kansas
"Attorney for Plaintiff"

Appellant's motion to strike the instant petition was again based on the ground the action was not shown to have been filed in conformity with the requirements of G. S. 1949, 7-104. His motion further stated:

"Defendant shows to the Court that Thomas Paul Downs, the person who signed the Petition in this cause, resides in and has his office in the City of Kansas City, Missouri, and is a regularly admitted and practicing Attorney in the Courts of Record of the State of Missouri, and has not associated with him in this cause any Attorney *who is a resident of and maintains his law office within the Fourth Judicial District,* and that it has not been made to appear by a written showing filed herein that he has associated with him such At-

torney, and that this Court is prohibited by law from entertaining this action or any matter, hearing or proceeding in connection therewith by reason of said Statute and said facts and has no jurisdiction of said alleged action." (Our italics.)

Appellant's motion was overruled and, as previously stated, this is the ruling from which he appeals.

No briefs have been filed and no oral argument has been made here on behalf of appellee. There is no occasion for a prolonged opinion. It was error to overrule the motion.

Courts are not concerned with legislative policy or the wisdom thereof. Their province and duty is to ascertain the legislative will and to make it effective if reasonably possible to do so. (*State, ex rel., v. Russell*, 171 Kan. 709, 237 P. 2d 363; *In re Estate of Bowman*, 172 Kan. 17, 238 P. 2d 486.)

In the instant case no showing was made associate counsel was a resident of and maintained his law office within the fourth judicial district in which the action was filed or pending. On the contrary the petition disclosed on its face the law office of associate counsel was located in the New England Building, Topeka, Kan., which is not within the fourth judicial district.

The statute clearly covers the facts of the instant case and must be enforced.

The cause is remanded with directions to the district court to sustain appellant's motion to strike.

THIELE, J., not participating.