LEOLA GAMBLE DYCHE, *Appellant*, v. HARVEY S. CRAWFORD, *Appellee.*

No. 41,053

CORA E. GAMBLE, *Appellant*, v. HARVEY S. CRAWFORD, *Appellee.*

(327 P. 2d 1047)

Opinion filed July 7, 1958.

*J. W. Hannah,* of Great Bend, argued the cause, and *Tudor W. Hampton* and *Jerry M. Ward,* both of Great Bend, and *C. William Garver,* of Mission, were with him on the brief for the appellants.

*H. Lee Turner,* of Great Bend, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

JACKSON, J.: The two appeals involving independent cases in the court below were consolidated in this court because they both present the identical question. This opinion will be controlling in both cases.

On May 24, 1957, Leola Gamble Dyche and Cora E. Gamble each filed their petitions and began an action against Harvey S. Crawford as defendant in the district court of Stafford County. Both petitions alleged that the respective plaintiffs had been injured in an automobile accident which was alleged to have occurred in Miami County, and that the respective plaintiffs had suffered injury and damage due to the negligence of defendant Crawford. The accident was alleged to have occurred on October 23, 1955.

Defendant filed a motion for additional time to plead which seems not to have been objected to by counsel for the plaintiffs. On October 24, 1957, one day after the expiration of two years from the

time of the accident, defendant filed a motion to strike the petition in each case upon the ground that the provisions of G. S. 1949, 7-104 had not been complied with in that "the person who signed the petition in this cause is a regularly admitted practicing attorney in the courts of record in the State of Missouri with offices at 950 Dierks Building, Kansas City, Missouri . . ."

Each of the petitions had been signed as follows:

> "C. William Garver
> 4121 Brookridge Drive,
> Mission, Kansas,
> Attorney for Plaintiff."

On November 25, 1957, plaintiffs' original attorney requested the clerk of the district court in writing to enter as additional attorneys for the plaintiff in each case the firm of Blackburn, Hampton and Ward of Great Bend, Kansas. Great Bend is of course within the Twentieth Judicial District of this state as is also Stafford County.

On the hearing of the above motions to strike, it was made to appear by stipulation and affidavits that Mr. Garver is admitted to practice law in Missouri; is a member of the integrated Missouri Bar Association; apparently has an office at 950 Dierks Building, Kansas City, Missouri; that Mr. Garver, however, is also a member of the Bar of the state of Kansas, and apparently resides at 4121 Brookridge Drive, Mission, Kansas. It was further shown that Mr. Garver had not registered with the clerk of the district court of Johnson County, in which county Mission is situated, to receive the regularly issued trial dockets of said district court, and that he apparently was not a member of the voluntary Bar Association of Johnson County.

Upon the above facts, the district court sustained the motion to strike the petition in each of the actions. Plaintiffs have appealed from those orders.

We come now to the question of the interpretation of the provisions of G. S. 1949, 7-104. It would appear that the most important portion of that section of the statute in this appeal is the following:

"*Any regularly admitted practicing attorney in the courts of record of another state or territory,* having professional business in the courts or before any board, department, commission or other administrative tribunal or agency, of this state, may, on motion be admitted to practice for the purpose of said business only, in any of said courts, tribunals or agencies, *upon taking the oath as aforesaid* and upon it being made to appear by a written showing filed therein, that he has associated and personally appearing with him in the

action, hearing or proceeding an attorney who is a resident of and duly and regularly admitted to practice in the courts of record of this state, . . ." (Italics supplied.)

The question quite shortly comes down to this, does an attorney who is admitted to practice law in a foreign state appear before the courts of the state of Kansas under the above section, if he also has been admitted to the Bar of this state? It would seem clear that Section 7-104 has no application to lawyers who are admitted to the Bar of the state of Kansas.

A study of the statutes relating to attorneys at law as found in Chapter 7 of G. S. 1949, will show that Section 7-104 is the amended Section 4 of a statute which first appeared in G. S. 1868, Ch. 11, §§ 1 to 12 inclusive. Additional provisions have been provided in some of the sections down through the years, but the general topic of each has remained the same.

G. S. 1868, Ch. 11, § 1, and G. S. 1949, 7-101, both provide that persons admitted to practice law in this state under earlier rules and statutes may continue to practice.

Section 2 of the statute of ninety years ago, and Section 7-102 of today, both provide for the prerequisite learning required of applicants applying for admission to the Bar of this state. Both sections contain words of similar import to the clauses of the present Section 7-102, which read:

"And who satisfies the supreme court of this state that he possesses the requisite ability and learning and that he is of good moral character, *may be admitted to practice in all the courts of this state upon taking the oath prescribed.*" (Italics supplied.)

Section 3 of the old act and section 7-103 both provide for the regulation of admission by rules of the supreme court.

Section 4, Chapter 11, of G. S. 1868 read: .

"Any practicing attorney of any state or territory, having professional business in either the supreme or district court, may, on motion, be admitted to practice in either of those courts, upon taking the oath aforesaid."

It will be seen that the old Section 4 of the statute plainly applies to attorneys admitted in another state or territory, and that they were to be allowed to come into the courts of this state "upon taking the oath aforesaid."

Section 7-104 still begins:

"Any regularly admitted practicing attorney in the courts of record of another state or territory, having professional business in the courts or before

any board, department . . . may on motion be admitted to practice for the purpose of said business only, in any of said courts, tribunals or agencies, *upon taking the oath* as aforesaid . . ." (Italics supplied.)

Certain additional qualifying words have been added to the statute in ninety years and certain additional safeguards have been added, but it remains clear that the subjects of the section are attorneys at law admitted to practice in other states, but not admitted to practice in Kansas. Lawyers admitted under Section 4 must take the oath provided in Section 4 of the act, referring to both the original and the modern section. Attorneys regularly admitted to the Bar of this state have taken that oath at the time of admission to the Bar (See Section 7-102, *supra*), and the provisions of Section 4 for an additional oath would be meaningless, if the section were attempted to be applied to them. Likewise, it must be noticed that in Section 7-102, members of the Bar of this state are licensed *"to practice in all the courts of this state."* Similar provisions were found in the old Section 2.

From all of the foregoing, it would appear impossible to apply Section 7-104 to an attorney at law, who has been regularly admitted to the Bar of this state.

Attention has been directed to the cases of *Felton v. Rubow,* 163 Kan. 82, 179 P. 2d 935; *Bradley v. Sudler,* 172 Kan. 367, 239 P. 2d 921; and the same case upon a second appeal, 174 Kan. 293, 255 P. 2d 650. Able counsel for both sides readily concede that those decisions do not determine this case now before us. In those cases, the attorney in question had not been admitted to the Bar of Kansas.

In the last mentioned decisions the matter of the location of the particular attorney within the state is considered. It is, of course, important that the attorney be subject to the jurisdiction of the court. In this case, an address within the state was given, and nothing has been shown which would indicate that the attorney could not be reached at that location.

The instant case further differs from those referred to above in that at the time of the order striking the petitions from the files of the district court, counsel resident within the judicial district concerned had become attorneys of record for the plaintiffs in the instant cases. In all of the former cases, the orders striking the petitions were made while the files showed that Section 7-104 had not been complied with. The section reads in part:

"No such court, agency or tribunal shall entertain any action, matter, hearing or proceeding *while* the same is begun, carried on or maintained in violation of the provisions of this section." (Italics supplied.)

This question is not necessary for the purposes of the instant appeal, and is not decided at this time.

It has been determined that G. S. 1949, 7-104 does not apply to attorneys at law who are members of the Bar of this state and reside therein. Therefore, the orders of the district court striking the petitions in these cases were erroneous, and they should be reversed.

It is so ordered.

PRICE, J., dissenting: In my opinion the court has reached an erroneous conclusion in this case and therefore I respectfully dissent.

The statute involved, G. S. 1949, 7-104, reads in full:

"Any regularly admitted practicing attorney in the courts of record of another state or territory, having professional business in the courts or before any board, department, commission or other administrative tribunal or agency, of this state, may, on motion be admitted to practice for the purpose of said business only, in any of said courts, tribunals or agencies, upon taking the oath as aforesaid and upon it being made to appear by a written showing filed therein, that he has associated and personally appearing with him in the action, hearing or proceeding an attorney who is a resident of and duly and regularly admitted to practice in the courts of record of this state, upon whom service may be had in all matters connected with said action, hearing or proceeding, with the same effect as if personally made on such foreign attorney, within this state, and such foreign attorney shall thereupon be and become subject to the order of, and amenable to disciplinary action by the courts, agencies or tribunals of this state: *Provided,* That in all actions before a court of record, said associate attorney shall be a resident of and maintain his law office within the judicial district in which said action is filed or pending. No such court, agency or tribunal shall entertain any action, matter, hearing or proceeding while the same is begun, carried on or maintained in violation of the provisions of this section: *Provided,* Nothing in this section shall be construed to prohibit any party from appearing before any of said courts, tribunals or agencies, in his own proper person and on his own behalf."

The law of the case, as stated in the syllabus, is that the provisions of this statute do not apply to an attorney who has been admitted to the bar of this state and resides therein.

On first impression that statement appears to be entirely logical and sound, but I believe it is stated too broadly and that its fallacy lies in its practical application.

We are dealing here with a statute which is somewhat uncertain in meaning in several respects, due, perhaps, to the fact it has been

amended several times down through the years. In *Bradley v. Sudler*, 172 Kan. 367, 239 P. 2d 921, it was said:

"In its application to certain isolated instances the statute may be somewhat ambiguous in that it is silent on the matter of *residence* of such 'foreign' attorney, and as to its application to a 'foreign' attorney who is *also* admitted to the practice of law in Kansas." (p. 371.)

A statute which is clear and unambiguous requires no "construction"—it speaks for itself. But, where the language is uncertain in meaning it is necessary to resort to ascertainment of the legislative intent behind its enactment. Here, I believe, the intent is obvious. It is to protect the interests of those in need of legal representation. In *Felton v. Rubow*, 163 Kan. 82, 179 P. 2d 935, it was held:

"A nonresident attorney, unfamiliar with our statutes and the jurisdiction of our courts, may sacrifice his client's interest by not complying with our statute respecting appearance in the courts of this state by a nonresident attorney. . . ." (Syl. 2.)

and said:

"Counsel for appellant is a nonresident of this state. Obviously he is not familiar with our statutes pertaining to the estates of deceased persons nor with the jurisdiction of our courts pertaining to such estates. He ignored our statute (G. S. 1945 Supp. 7-104) which required him to have an attorney in this state associated with him." (pp. 84, 85.)

Rule No. 54 under G. S. 1949, 60-3827, provides that an attorney residing outside of this state in good standing as an attorney at the place of his residence may be recognized as an attorney by the courts of this state for any action or proceeding in court, but *only* if he has associated with him as attorney of record in such action *an attorney of this state* residing within this state upon whom service may be had in all matters connected with such action proper to be served upon an attorney of record. Rule No. 55 requires that any pleading filed in any action in any of the courts of this state shall have written or printed thereon the name and post-office address of the attorney filing the same. These rules are of course to be read in conjunction with the statute under consideration, and there is no doubt in my mind that Rule No. 55 has reference to an attorney's *office address* rather than that of his *home*. For these purposes courts are not concerned with where an attorney and his family "reside."

When one considers the obvious practical purpose of the statute and the rules referred to it is clear to me that the words "foreign at-

torney" as used in the statute, "An attorney residing outside of this state" as used in Rule No. 54, and "a nonresident attorney" as used in *Felton v. Rubow,* supra, have reference to an attorney who *maintains his office in another state and who practices there,* all without reference to the fact he may "reside" in Kansas and previously may have been regularly admitted to practice in this state. The geographical location of the place where an attorney sleeps at night after a hard day's work in his office, or the fact that years ago he may have been regularly admitted to the bar of this state (but never practiced here)—should not be the controlling factors. Lawyers and courts know what is meant by a "foreign attorney" or a "nonresident attorney."

I readily concede that as an abstract proposition "an attorney who has been admitted to the bar of this state and resides therein" of course should be allowed to practice in the courts of Kansas without the association of "local counsel." I also take note of the fact that a vast majority of "Kansas practicing attorneys" reside in Kansas, and that a vast majority of the attorneys "residing" in Kansas practice in Kansas. Obviously the statute has no application to them, but on the record before us the attorney in question is not a "Kansas practicing attorney" even though he "resides" in Kansas.

To illustrate the point I am attempting to make, let us consider a not-too-improbable situation:

A resident of Kansas is graduated from one of our local law schools and takes the Kansas bar examination. He passes it and is admitted to practice. He immediately moves to Philadelphia and takes the Pennsylvania bar examination. He passes it and is admitted to the bar of that state. After practicing in Philadelphia for twenty-five or thirty years he decides to return to the midwest and "locates" in Kansas City, Missouri. He is admitted to the Missouri bar and practices law in Kansas City, Missouri. The home he purchased when he returned to this area, however, and where he now resides with his family—is "just across the state line in Kansas." In the meantime, through all the years, he has never set foot in a Kansas courthouse, has never "practiced" here, and is unfamiliar with our law and procedure. Yet, under the rule announced in this case, he could file and maintain a lawsuit in Kansas for a client simply by mailing (from his Kansas City, Missouri, law office) a petition, praecipe for summons and cost deposit to the clerk of

the proper district court without having associated with him a local attorney who resides and maintains his law office within the judicial district in which the action is filed, as required by the statute.

On the other hand, let us consider another practical and not-improbable illustration:

A regularly admitted Kansas attorney actually "resides" in the geographical bounds of Missouri. He maintains his law office and practices law—say in Atchison, Leavenworth, Kansas City, Kansas, Olathe, Fort Scott, Pittsburg, or in any of our other so-called "border cities." By the same line of reasoning my thought is that he, for all practical purposes, under the statute and Rule No. 54, is a "Kansas practicing attorney" and is authorized to appear in any of the courts of this state without the association of "local counsel."

It is a matter of common knowledge, and this court recognizes the fact that in recent years, with the development of eastern Johnson County, many "Kansas City, Missouri, attorneys" actually "reside" in Kansas and that many of them previously have been regularly admitted to the bar of this state. No one would deny their right to practice in Kansas, but, in my opinion, the statute and rule require that in order to do so they must have "local counsel" associated with them.

By way of summary, therefore, my thought on the proposition before the court is that until the legislature, in plain and unambiguous language, clears up the uncertainty in the statute as it now exists, the only realistic and practical application of the statute is that it refers to and prohibits "foreign attorneys"—that is, those, who, in the commonly-understood acceptance of the term, are engaged in the "practice of law" in a state other than Kansas—from practicing in our courts without the association of "local counsel."

In the case before us the attorney was in truth and in fact a "Missouri practicing attorney" with his law office in that state. The fact that he "resided" in Kansas and listed his residence address on the petitions, and that some time in the past he had been regularly admitted to the bar of this state—are, in my opinion, immaterial to the real question before us. The petitions were filed in May, 1957. The motions to strike them were filed in October. In November the attorney moved for the record to show that he had associated local counsel. In other words, for a period of six months these actions were "begun, carried on or maintained" in violation of the statute, and under its very provisions the court was expressly prohibited

from entertaining them—that is, from receiving and considering them.

Under the admitted facts the trial court correctly struck each of the petitions, and I would affirm its orders.