No. 41,572

Margaret Taylor, *Appellant,* v. Hal R. Taylor, Sr., *Appellee.*

(842 P. 2d 190)

Opinion filed July 10, 1959.

*Howard E. Payne,* of Olathe, argued the cause, and *W. C. Jones,* and *Thomas H. Payne,* both of Olathe, and *Keith Martin,* of Mission, were with him on the briefs for the appellant.

*William E. Scott,* of Kansas City, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: The primary, or basic, suit involved in this appeal is one for divorce, but the question before us relates to the status of plaintiff's attorney and his authority to represent plaintiff as such in the domestic relations matter. The trial court ordered that plaintiff's attorney, pursuant to this court's amended rules No. 41 and No. 54, was required to obtain local counsel and further ordered that unless he did so within a certain time, the petition and other pleadings and orders would be stricken. Plaintiff's attorney failed and refused to comply and they were so stricken. It is from this order that plaintiff has appealed.

On March 10, 1959, plaintiff's verified petition for divorce was filed in Wyandotte county and signed by Keith Martin, 5917 Woodson Road, Mission, Kansas, as attorney for plaintiff. An order allowing temporary alimony, attorney's fee and a restraining order were entered on the same date.

Defendant moved to strike the petition and temporary order for the reason that Martin is a member in good standing of the Kansas City and Missouri state bar associations, that he regularly practices in that state and maintains his office at 2205 Bryant Building, Kansas City, Missouri; that Martin had no authority to file such petition or obtain such temporary order because he does not have associated with him as attorney of record a member of the bar of the state of Kansas, and the above pleadings were therefore filed in violation of rules No. 41 and 54 of the Supreme Court of Kansas, as amended, and G. S. 1949, 7-104.

On April 17, 1959, in its ruling on this motion the trial court stated,

"It is therefore ordered that plaintiff's attorney, Keith Martin, be and he is required to obtain local counsel pursuant to amended court rules 41 and 54.

"It is further ordered that unless plaintiff's attorney shall do so by May 1, 1959, the petition shall on May 1, 1959, be stricken, as well as other pleadings and orders."

The plaintiff filed a notice of appeal as a result of this order and on May 4, 1959, the trial court entered an order dismissing plaintiff's petition without prejudice to future prosecution and plaintiff amended her notice of appeal to include an appeal from the order of May 4, 1959.

The testimony showed that after his graduation from the law school of the University of Kansas in August, 1947, Martin was admitted to the bar of Missouri, became associated with a law firm in Kansas City, Jackson county, Missouri, and has been active in the bar association of the state of Missouri, as well as regularly practicing in the courts of that state since his admission there. In March, 1948, Martin was admitted to the bar of the state of Kansas and opened an office in Mission, Johnson county, Kansas, which he still maintains. He has been city attorney for Mission since 1951, is a member of the Kansas State Board of Tax Appeals, and has regularly practiced in the courts of Kansas since his admission to the bar of Kansas. He has also been active in the bar association of the state of Kansas as well as the Johnson County Bar Association.

There was testimony as to Martin's high scholastic achievements and as to his legal ability but these facts, although highly commendable to him, will not be reiterated since they do not alter the admitted fact that he is a member of the Missouri bar and regularly practices in that state nor can such evidence have any determinative force with respect to the primary question now before us, namely, the correctness of the trial court's order.

Under the judicial power that is given to it by article 3, section 1, of our state constitution, this court has from time to time promulgated necessary rules for the examination of applicants for admission to the bar of this state. (G. S. 1949, 7-103.) These rules of the Supreme Court, while not statutory law, appear under G. S. 1949, 7-122, and in the forepart of certain volumes of our Kansas Reports. The latest appearance is found in 183 Kan. xi, *et seq.*, and the particular rules in question here are No. 41 and No. 54 which were amended on December 15, 1958. No. 41 was amended by addition of the following:

"*Provided further however,* The authority granted to practice law shall not be exercised except as provided under Rule No. 54 *infra,* when the licensee

herein has been admitted to the Bar of another state or territory and is regularly engaged in the practice of law in such other state or territory." (p. xviii.)

### Rule No. 54, as amended, reads as follows:

"An attorney regularly practicing outside of this state and in good standing as a member of the Bar of the place of his regular practice may be recognized as an attorney by the courts, commissions, and agencies of this state, for any action or proceeding, but only if he has associated with him as attorney of record in such action or proceeding a member of the Bar of this state qualified under the provisions of G. S. 1949, 7-104, upon whom service may be had in all matters connected with such action or proceeding proper to be served upon an attorney of record." (p. xix.)

### Pertinent parts of G. S. 1949, 7-104, provide:

"Any regularly admitted practicing attorney in the courts of record of another state or territory, having professional business in the courts . . . of this state, may, on motion be admitted to practice for the purpose of said business only, in any of said courts . . . upon taking the oath as aforesaid and upon it being made to appear by a written showing filed herein, that he has associated and personally appearing with him in the action, hearing or proceeding an attorney who is a resident of and duly and regularly admitted to practice in the courts of record of this state, upon whom service may be had . . . as if personally made on such foreign attorney, within this state, and such foreign attorney shall . . . become subject to the order of and amenable to disciplinary action by the courts . . . *Provided* . . . said associate attorney shall be a resident of and maintain his law office within the judicial district in which said action is filed or pending. No . . . court . . . shall entertain any action . . . while the same is begun, carried on or maintained in violation of the provisions of this section. . . ."

The intent and purpose of the rules and the statute are clearly expressed in the terms thereof. Martin clearly and fully comes within and is subject to the foregoing rules and statute which are applicable not only to Martin, but to all lawyers who have professional business before the courts of the state of Kansas. Martin contends he has been singled out and that amended rule No. 41 contravenes the constitutional rights guaranteed to him under the due process and equal protection clauses of the fourteenth amendment to the federal constitution and in support thereof he cites the recent cases of *Schware v. Board of Bar Examiners*, 353 U. S. 232, 238, 77 S. Ct. 752, 1 L. ed 2d 796; *Konigsberg v. State Bar*, 353 U. S. 252, 77 S. Ct. 722, 1 L. ed 2d 810; and *In re Patterson*, 353 U. S. 952, 77 S. Ct. 869, 1 L. ed 2d 906. This court has been cognizant of these federal cases cited by Martin but a careful re-reading thereof convinces us they do not present situations comparable

to our present one. Martin has not been singled out or made an example of and he has not been deprived of any right to practice law before the courts of this state but rather, by his own choice, he has brought himself within the amended portion of rule 41 which merely requires compliance with G. S. 1949, 7-104. Martin's license to practice law before the courts of the state of Kansas has not been in dispute nor has he been disbarred. In *Depew v. Wichita Association of Credit Men*, 142 Kan. 403, 49 P. 2d 1041, statutory provisions having reference to qualifications and admissions of attorneys to practice law in Kansas were construed and held not to violate the fifth or fourteenth amendments or section 10 of article 1 of the federal constitution. Nor do they violate section 2 of our bill of rights. Such court rules and statutory regulations were held to be effective and directory when in accord with the inherent power of the judiciary because the licensees are officers of the court. (p. 406.)

Defendant calls our attention to a very interesting annotation on the subject of integration of state bar associations which further supports the position our court has taken that our rules and the pertinent statute are proper because they provide for a more efficient administration of the courts and thereby safeguard not only the public generally but particularly those who appear before the courts of this state. (*Re Nebraska State Bar Asso.*, 114 A. L. R. 151, anno. 161.)

We have examined the other arguments and authorities cited but it would serve no purpose to extend the opinion with a discussion thereof.

The trial court in compliance with the above rules and statute required the plaintiff through her counsel within a certain time to comply therewith by associating with Martin an attorney who met the directions therein contained. The plaintiff refused to comply and insisted that Martin had previously represented her in legal matters both in Missouri and in Kansas, that she had faith in him, and that she would not have other counsel associated in the case. As a result of plaintiff's position, the trial court in its sound judicial discretion dismissed her divorce suit.

Affirmed.