No. 41,569

GLADYS THORNBURG, *Appellant,* v. L. RAY McCLELLAND and MILDRED McCLELLAND, d/b/a McClelland Chiropractic Clinic, *Appellees.*

(348 P. 2d 617)

Opinion filed January 23, 1960.

*Wilbert W. Phalen,* of Pittsburg, and *Jack P. Steinle,* of Aurora, Missouri, argued the cause, and *Lawrence M. Walker,* of Pittsburg, *J. Hal Moore* and *Walter S. Pettit, Jr.,* of Aurora, Missouri, were with him on the briefs for the appellants.

*Paul L. Wilbert* and *Sylvan Bruner,* both of Pittsburg, argued the cause, and *A. B. Keller, Randall D. Palmer* and *John B. Towner,* all of Pittsburg, were with them on the briefs for the appellees.

The opinion of the court was delivered by

JACKSON, J.: In this appeal, we again have a question of the construction and application of the provisions of G. S. 1949, 7-104 relating to the practice of law by nonresident attorneys before the courts and administrative bodies of this state. The plaintiff's petition in her action against the defendants was stricken by the district court because of alleged failure to comply with the above section of the statute and plaintiff appeals from that order. It should be noticed in this case, the question of the statute of limitations is plainly in the background.

The record shows that on September 22, 1958, plaintiff filed her petition in the district court seeking damages from defendants because of alleged malpractice. The petition was signed and verified by the plaintiff only. However, on the left hand side of the last page of the pleading was typewritten the name and address of the law firm of Moore, Pettit & Steinle, of Aurora, Missouri. The praecipe for summons was signed by Jack P. Steinle as attorney

for plaintiff. Summons appears to have been served upon the defendants on the same day upon which the petition was filed.

It may be noted that Mr. Steinle is a member of the Bar of this state although a nonresident of Kansas. It may also be noted that this petition was filed before the amendment of the rules of this court on December 15, 1958 (see rules 41 and 54, 183 Kan. p. xviii-xix).

On October 21, 1958, defendants filed a motion to quash the summons apparently contending that it was a nullity under the provisions of section 7-104.

On November 5, 1958, the written appearance of Messrs. Lawrence M. Walker and Wilbert W. Phalen as attorneys of record for the plaintiff was filed. These gentlemen are regularly practicing members of the Bar of the 38th judicial district which includes Crawford county.

The record further shows that preceding the hearing of the motion to quash the summons, affidavits of the plaintiff, the clerk of the district court, Mr. Pete Farabi, a regularly practicing member of the Crawford county bar, and Mr. Steinle were filed in the case. Among other matters, these affidavits stated that prior to the institution of this action Mr. Farabi was associated with the above named Missouri lawyers in the filing of this case; that on the day the petition was filed, the praecipe for summons was drawn by Mr. Farabi in his own handwriting in consultation with Mr. Steinle; that Mr. Farabi telephoned the clerk of the district court and explained that he was associated with the Missouri lawyers in the case, had prepared the praecipe and that Mr. Steinle, who was a member of the Kansas Bar would come to the courthouse to file the case. The affidavits further stated that Mr. Farabi continued his association in the case and consulted with his associates thereon until November 3, 1958, when he advised them by long distance telephone that he desired to withdraw from the case and that they should obtain other associate counsel; that Mr. Steinle immediately contacted Messrs. Walker and Phalen, who thereupon filed their written entry of appearance as set out above.

The pending motion to quash the service of summons was argued to the then district judge and overruled on November 29, 1958. Messrs. Walker and Phalen approved the journal entry and are shown to have been present at the argument of the motion as attorneys for plaintiff.

Within time allowed by the court and on January 10, 1959, defendants filed a motion to strike the plaintiff's petition still urging noncompliance with section 7-104 as ground therefor. On the same day, plaintiff with leave of court amended her petition by interlineation to state her correct post office address. On February 20, 1959, Judge Resler, having retired as district judge, defendants' motion to strike was argued before Judge Musser, his successor in office. The matter was taken under advisement and on February 24, 1959, the court sustained defendants' motion, from which order plaintiff has appealed.

From the above record it would clearly appear that the bar of the state is in doubt as to the construction to be placed upon the language of section 7-104. We feel that the time has arrived when this court should clearly define the meaning of the section.

It may be observed that the purpose of the statute is twofold. It has been believed that lawyers not regularly practicing in the state are not usually entirely familiar with the law and procedure thereof and that the public is entitled to have adequate counsel; and second, that the trial court should have complete and immediate jurisdiction over counsel appearing before it.

It will be noted from the above account of the record in this case that section 7-104 had been fully complied with before the ruling on the motion to strike on February 24, 1959. All of the reasons for the statute and for the provisions of rules Nos. 41 and 54 as now amended had then been satisfied.

The question was noticed but not decided in *Dyche v. Crawford,* 183 Kan. 441, 327 P. 2d 1047, at page 444 where it was said:

"The instant case further differs from those referred to above (*Felton v. Rubow,* 163 Kan. 82, 179 P. 2d 935; *Bradley v. Sudler,* 172 Kan. 367, 239 P. 2d 921; second appeal, 174 Kan. 293, 255 P. 2d 650) in that at the time of the order striking the petitions from the files of the district court, counsel resident within the judicial district concerned had become attorneys of record for the plaintiffs in the instant cases. In all of the former cases, the orders striking the petitions were made while the files showed that section 7-104 had not been complied with. The section reads in part:

" 'No such court, agency or tribunal shall entertain any action, matter, hearing or proceeding *while* the same is begun, carried on or maintained in violation of the provisions of this section.' (Italics supplied.)

"This question is not necessary for the purposes of the instant appeal, and is not decided at this time."

Defendants raise the question that the statute implies that the court does not have jurisdiction of the case unless section 7-104 is complied with. Why not? It certainly has jurisdiction of the

parties, if good service has been had. The pertinent part of the statute is quoted *supra* from the Dyche case. The verb "to entertain" in the dictionary is shown to have various shades of meanings. One of the first meanings is "to deal with" (Webster's *New International Dictionary*, 2d ed.). The statute does not provide that the case is to be dismissed, as it might have clearly provided if that had been the intended meaning.

We believe that it would be unfair and unnecessary to construe the statute to have a technical and arbitrary meaning so that the litigants may be injured when the sole purpose of the statute is to regulate the practice of lawyers for the benefit of the public and the courts. It will be noted that in the case of *Taylor v. Taylor,* 185 Kan. 324, 342 P. 2d 190, the district court offered the litigant time in which to engage a qualified associate attorney and that it was only after this offer was refused and ignored that the case was dismissed. The Taylor case involved the new amendment to the rules of this court, but the rules refer to section 7-104. We believe the district court in the Taylor case correctly construed the statute and rules and we would point out again, as mentioned in the Dyche case, that this court has in no case to date held that a litigant should have his case or defense dismissed when he has already complied with the above statute. The statute applies to a defendant as well as to a plaintiff, and instances can readily be imagined in which an unwary litigant of either type might be impaled upon a mere technicality. Would it be contended that the plea of not guilty of a defendant in a criminal action would be stricken because he was represented by a Missouri lawyer?

We now construe G. S. 1949, 7-104 to provide that where a case or defense is filed without complying with the statute, the court should not deal with the case until the defaulting litigant has rectified the fault by securing counsel as provided in the statute and the rules of this court. If the party refuses to comply with the order of the court, the court may then dismiss the action or defense as was done in *Taylor v. Taylor,* supra. Any possible implications contrary to this interpretation of the statute in former cases, if any there be, are hereby disapproved.

The above interpretation of section 7-104 disposes of this appeal and requires that the order of the district court striking plaintiff's petition be reversed. It is hereby so ordered.

PRICE, J., dissents.