## CIRCUIT COURT OF SHENANDOAH COUNTY

Biczo

    v.

Rosiak

November 19, 1986

Case No. (Law) 1368

By JUDGE PERRY W. SARVER

Set forth herein is the opinion of the Court after hearing argument on defendant's motion to dismiss, and after consideration of the memoranda filed by counsel pursuant to that Order entered on June 23, 1986, pursuant to those proceedings had on May 21, 1986.

Plaintiff, by counsel, filed a pleading designated "Complaint" in the Clerk's office of this Court on January 2, 1986, alleging damages incurred by reason of injuries that he suffered in an automobile accident caused by [defendant's] negligence on January 13, 1984, in Shenandoah County, Virginia. The Complaint was signed "Sandman & Levy," Attorneys for Plaintiff. The firm address in the pleadings and correspondence is 134 North La Salle Street, Suite 1323, Chicago, Illinois 60602, and there is no representation by plaintiff's counsel that any member of the firm is licensed to practice in Virginia. Defendant, by counsel, made a special appearance by filing a pleading on February 14, 1986, which was mailed to Morris A. Levy, Esquire, of Sandman & Levy at the above address. In the special appearance, defendant moved that the action be dismissed on the following grounds.

(1) He has not been served with process according to the law of the Commonwealth of Virginia. (This issue

will not be addressed since service of process was had upon defendant, subsequent to said motion.)

(2) This case is not properly filed according to Rule 1A:4 of the Rules of Supreme Court of Virginia (1985).

A motion noting the appearance of Robert T. Mitchell, Jr., Esquire, as co-counsel for the plaintiff was filed with the Court on March 14, 1986, and the next proceeding was on May 21, 1986, at which time the Court heard argument of counsel on those matters set forth in the motion to dismiss, and the Court ordered counsel to file memoranda on the issue as to whether that Complaint filed on January 2, 1986, constituted the commencement of an action within the meaning of Code § 8.01-229(E)(1), and the effect and interplay of said statute with and among Rules 1A:4, 1:9 and 3:2 of the Rules of the Supreme Court of Virginia.

The pleading filed by plaintiff is designated "Complaint" and will be treated as a motion for judgment since it does comply with Rule 1:4(d) of the Rules of Virginia Supreme Court (1985).[1] However, counsel did not comply with the provisions of subparagraph (c) of Rule 1:4, in that, only the name of the firm, Sandman & Levy, was written at the end of the pleading and an individual member or associate of the firm has not signed the pleading as required in Rule 1:5. How that Virginia co-counsel has entered the case, this deficiency could be corrected by the Court directing an individual member of the Virginia firm to sign the Complaint; however, this does not remedy the more serious problem that the Court must now address and that is, whether or not the case was commenced as contemplated in Rule 3:3 and Code § 8.01-229(E)(1), with the resulting effect of tolling the statute of limitations.

Rule 3:2 provides in part that the clerk "shall receive and file all pleadings without order of the court. Any controversy over whether a party who has filed a pleading had a right to file it shall be decided by the court." The Court is of the opinion that the fact that a pleading was filed does not necessarily constitute a commencement of an action as contemplated in Rule 3:3 and the above-mentioned Code § 8.01-229(E)(1). There appears to be a

---

[1] All references to the Rules of Virginia Supreme Court are to those contained in the 1985 Replacement Volume, unless otherwise noted.

conflict between a portion of Rule 3:2 and a portion of Rule 1A:4. The first-mentioned Rule requires that the clerk shall receive and file pleadings without order of the court. The second-mentioned Rule (1A:4) provides that no notice or pleading required to be signed by counsel shall be accepted or filed by the clerk of any court of record unless such pleading or notice is signed by a member of the Virginia State Bar. While there may be an apparent conflict between these two Rules, it is the opinion of this Court that the clerk had no choice but to accept the Complaint for filing and any controversy concerning the right to file the pleading must be determined by the Court as further provided in the second sentence in Rule 3:2. The provisions of Rule 1A:4, concerning filing, present an unfair and unrealistic burden upon the clerk. The apparent conflict in the Rules must be resolved by placing the responsibility upon counsel and not the clerk. In the case at hand plaintiff waited until eleven days before the statute would have run before filing and then mailed the pleadings to the clerk. It placed the clerk in the position of either having to refuse the pleading, under circumstances that could have placed plaintiff in a most awkward, vulnerable and perhaps untenable position, or the clerk could have taken the course of action that he did in fact take and accept the papers for filing and then let the Court resolve the controversy pursuant to Rule 3:2. This was entirely proper and gives effect to the primary purpose of both Rules.

Was this filing by a foreign attorney, without complying with Rule 1A:4, a filing that constitutes a commencement of the action as contemplated in Rule 3:3, so as to toll the statute of limitations as provided in Code Section 8.01-229(E)(1)? Rule 3:3(a) provides in part that "an action shall be commenced by filing in the clerk's office a motion for judgment. The action is then instituted and pending as to all parties defendant thereto. The statutory writ tax and clerk's fee shall be paid before the notice of motion for judgment is issued." *See also Burks' Pleading and Practice*, Fourth Edition, § 235 "What Stops or Suspends the Running of the Statute (1) Commencement of Action." There is no question, from a review of the file, that the Complaint was filed and the writ tax, fee and deposit were paid as required by the Rule.

However, the Court finds that this filing was not a commencement of the action as contemplated under Rule 3:3(a) or Code § 8.01-229(E)(1) because plaintiff's counsel had not complied with the requirements of Rule 1A:4, and all action taken in an attempt to commence the action was a complete nullity and the statute of limitations was not tolled.

While the Court has not been able to find a Virginia case directly in point, the Virginia Supreme Court has addressed the matter peripherally by way of certain statements made in *Ortiz v. Barrett*, 222 Va. 118, 278 S.E.2d 833 (1981). This case, a legal malpractice action, dealt primarily with the issue of local counsel's professional responsibility and potential liability when employed by another attorney (a foreign attorney) to meet the requirements of Rule 1A:4.

By way of dicta, the court stated in *Ortiz* that:

As an attorney licensed in the District of Columbia but not in Virginia, Edward was privileged to have access to one of our court's, *even for the limited purpose of filing a pleading*, only in association with a lawyer licensed to practice and practicing in Virginia. (Emphasis added.) *Id.* at 127.

The court further stated on page 130 that:

Although Edward signed Ronald's [the local attorney] name without authority, Ronald, in not acting to have his signature expunged, violated no duty owed to Edward or his clients. Indeed, if Ronald had disavowed his signature, he would have left Edward and his clients in the vulnerable position of being in direct violation of Rule 1A:4 after the statute of limitations had run.

The stated purpose of the Rule as set forth in *Ortiz* is:

[T]o facilitate the efficient administration of court business by permitting a court to

deal exclusively with local counsel, upon whom all notices and processes may be served. It is necessary that our courts have access to attorneys of record who are personally subject to their supervisory control rather than to risk delays in communicating with foreign attorneys who may be inaccessible, uncooperative, or unfamiliar with the rules and statutes governing the trial of cases in Virginia. *Id.* at 127.

As applied to the case in hand, had there been counsel in this case familiar with the rules and statutes of Virginia, then there would have been a compliance with Rule 1A:4 as well as Code §§ 8.01-308 and 8.01-310 relating to proper service of process. Counsel cannot escape this responsibility and the adverse results flowing therefrom by attempting to shift the blame to the clerk of the court. It is counsel's responsibility to determine the proper court, the proper pleading, the appropriate statute of limitations and ascertaining the requirements concerning authorized practice of law and this responsibility cannot be shifted to others. Counsel has chosen to disregard the Rules of Virginia Supreme Court, as well as the statutes of Virginia, not only with regard to the service of process statutes in Title 8.01, but equally important, counsel would appear to be in violation of Code § 54-42 and, if so, such violation would be punishable as a misdemeanor pursuant to Code § 54-44. Because of counsel's complete disregard of the rules and statutes, the Court is of the opinion that to grant relief to plaintiff through the exercise of judicial discretion as provided in Rule 1:9 is not appropriate.

The position taken by the Virginia Supreme Court in *Ortiz* is consistent with the position taken by courts in other jurisdictions. In *State v. Woodward*, 383 A.2d 661 (Me. 1978), a notice of appeal from a criminal conviction was a nullity where it was signed only by a nonresident attorney and the record did not disclose any motion by the resident attorney that the nonresident attorney be permitted to practice in this matter. The court in *Bradley v. Sudler*, Kan. 367, 239 P.2d 921 (1952) *subsequent app.* 174 Kan. 293, 255 P.2d 650, held:

[T]hat a motion to strike the plaintiff's petition in a damage action should have been sustained on the ground that the petition showed on its face that the attorney who filed it was regularly admitted to the practice of law in the courts of another state, and there was thus a violation of the statute. . . . The court said that any pleading filed which on its face showed a violation of the statute was the same as no pleading at all, and the court was expressly prohibited from "entertaining" it. 45 A.L.R.2d 1065 at p. 1067.

However, in another Kansas case, subsequent to *Bradley*, a somewhat different position was taken with regard to this problem, the court stating in *Thornburg v. McClelland*, 186 Kan. 20, 348 P.2d 671 (1960), that:

[A]lthough the court was dealing with a case filed by an attorney who was a member of the Kansas bar but not a resident of Kansas, the court said with respect to the statute dealing with appearances by nonresident attorneys generally that the requirement of the statute that a nonresident attorney associate local counsel meant that the court should not deal with the case until the litigant whose attorney was not in compliance with the statute had rectified the fault by securing local counsel as provided in the statute and the rules of court. If the party refused to comply with the order of the court to associate local counsel, the court continued, the court could then dismiss the action or defense. However, the court also said that the initial failure to associate local counsel would not deprive the trial court of jurisdiction, and where, as in this case, the litigant employing nonresident counsel had subsequently met the requirement of associating local counsel, the litigant's case or defense should be entertained. *See* Annotation at 20 A.L.R.4th 855 at page 862.

While there are diverse views with regard to this problem, it is the opinion of the Court that the Virginia Supreme Court has adopted the more strict view and, as noted above, the motion to dismiss must be sustained and the cause of action was not tolled by the attempt to commence an action. The Court further notes, and is of the opinion, that *Norwood v. Buffey*, 196 Va. 1051 (1955), *Scott v. Nance*, 202 Va. 355 (1960), and *McDaniel v. North Carolina Pulp Co.*, 198 Va. 612 (1956), cited in plaintiff's memorandum on pages 4, 5 and 6, are not applicable to the facts now before the Court. The difference being that these were cases properly commenced and which were either abated or dismissed for various reasons, e.g., improper parties or parties under a disability without the appointment of a committee. In the case at hand, the attempt to commence this action was a complete nullity, the effect being the same as if the Complaint was never filed.

Counsel for the defendant shall prepare an order dismissing plaintiff's motion for judgment.