The Honorable John Vratil State Senator, 11th District 10209 West 126th Street Overland Park, Kansas 66213
Dear Senator Vratil:
You ask several questions in regard to the sale and distribution of teeth whitening kits to the general public. Your first question is whether the sale by unlicensed individuals or entities of impression materials for teeth whitening constitutes the practice of dentistry in violation of K.S.A. 65-1422 and K.S.A. 65-1438.
According to information we have been provided, a number of companies offer teeth whitening products which consist of dental "trays" or plastic molds used by the consumer to make impressions by placing the trays, full of putty, on the upper and lower teeth. Some companies also manufacture a custom-fitted plastic tray from the putty mold that is sent to the company by the consumer.
The practice of dentistry is defined by K.S.A. 65-1422 and provides in pertinent part:
 "Any person shall be deemed to be practicing dentistry . . . who directly or indirectly, by any means or method, takes impressions of the human tooth, teeth, jaws or performs any phase of any operation incident to the replacement of a part of a tooth; . . . or who furnishes, supplies, constructs, reproduces or repairs any prosthetic denture, bridge, appliance, or any other structure to be worn in the mouth, except on the written prescription of a duly licensed and registered dentist. . . ." (Emphasis added.)
Our question is whether the sale of whitening kits constitutes the practice of dentistry as defined by the statute. For purposes of brevity we will focus on the emphasized portion of the statute above. Your question requires that we construe the language of the statute by applying rules of statutory construction. The most important rule of construction is that the legislative intent and purpose govern when they can be ascertained from a statute.[1] This primary rule of construction, to which all other rules are subordinate, applies even though words or phrases must be omitted or inserted. In ascertaining the legislative intent, courts are not limited to the language used but may consider the historical background and the statute's purpose and effect under the various constructions, and a court may consider all parts of an act and construe them together in pari materia.[2] When the interpretation or literal import contravenes the manifest purpose of the Legislature, the spirit and reason is considered, and the literal import of words or phrases which conflict with the Legislature's manifest purpose are disregarded.[3]
The definition of those engaged in the practice of dentistry includes all persons who take impressions of the teeth or supply or repair any structure to be worn in the mouth. We must thus address whether a strict literal interpretation serves the legislative purpose of the statute. The Kansas Supreme Court has recognized that the practice of dentistry is one involving the public health and is regulated to protect the public from "ignorance, unskillfulness, unscrupulousness, deception and fraud,"[4]
and to aid in the exclusion of those unfit to practice due to lack of experience, learning and skill.[5]
 APPLICATION OF "takes impressions of the human tooth, teeth"
At issue are impressions made by the consumer of his own teeth, which are then used by a manufacturing company to make a custom-fitted tray for the consumer at the consumer's request. As mentioned, the legislation is clearly intended to protect the consumer, but it is not intended to protect the consumer from himself. The statute is not intended to apply to make the consumer who takes impressions of his own teeth guilty of the unlicensed practice of dentistry. If the consumer's actions result in harm, the consumer is at most guilty of bad judgment.
The statutory definition of the practice of dentistry dealing with taking of impressions, in our opinion, must be interpreted in the context of protecting the public from the incompetent provision of dental services and operations. In our opinion the statute does not prohibit the sale of impression materials when the impression is actually made by the consumer.
 APPLICATION OF "furnishes, supplies, constructs or repairs of any prosthetic denture, bridge, appliance, or other structure to be worn in the human mouth"
The sale of impression material clearly does not constitute supplying any prosthetic denture, bridge or appliance, but it is not clear whether it constitutes furnishing or constructing any "other structure," the subject of your second question.
Whether the fashioning or manufacture of the "custom tray" to be worn temporarily in the mouth constitutes constructing "structure to be worn in the human mouth" depends on the context provided in the statute and in the Act. The phrase "other structure" is in context of the treatment of "disease, pain, deformity, deficiency, injury, or physical condition of the human teeth or jaw, or adjacent structure . . . ."[6] K.S.A. 1998 Supp. 65-1423 defines the phrase as providing a comprehensive examination, diagnosis and treatment planning and the prescription of a drug, medication, or work authorization. The custom tray clearly does not constitute a dental structure intended for any of these purposes. Thus, the manufacture of the custom tray requested by a consumer, in our opinion, cannot be construed to constitute the practice of dentistry in violation of K.S.A. 65-1422. To do so would result in an absurd application resulting in an arbitrary meaning of a statute whose sole purpose is to protect the public.[7]
Additionally, application of the literal interpretation of the statute would regulate items not connected with the practice of dentistry such as snore guards, intended to prevent snoring, or sports' mouth-guards, intended for the protection of the teeth of an athlete engaged in a contact sport. To include these common items would surely result in an absurd application of what constitutes the practice of dentistry. While the Legislature has a legitimate interest in regulating the practice of dentistry in order to protect the public health from the incompetent undertaking by those not qualified, the regulation must be rationally related to dental services or operations. At K.S.A. 1998 Supp. 65-1423, the Legislature provides examples of dental operations that include removal of or addition to the hard or soft tissue of the oral cavity, correction of malformation of teeth or the jaw, and application of a prophylaxis.
Your next question is whether the sale of impression materials violates K.S.A. 65-1438 which states in pertinent part:
 "Any dentist who shall use the services of any person (which word when used in this section shall include all legal entities) not licensed to practice dentistry in this state, to construct, alter, repair or duplicate any denture, plate, partial plate, bridge, splint, orthodontic or prosthetic appliance, shall first furnish such unlicensed person with a written prescription, on forms prescribed by the board, . . .
 "Any such unlicensed person who shall: (1) Perform any such service without first having obtained such prescription; or (2) fail to retain the original thereof for two years; or (3) refuse to allow the board, or its agent, to inspect it during such time shall be guilty of a misdemeanor."
In accordance with the statute, an unlicensed person is guilty of a misdemeanor if he constructs, alters, repairs or duplicates any denture, plate, partial plate, bridge, splint, orthodontic or prosthetic appliance without a written prescription from a licensed dentist. The sale of impression materials does not constitute a violation of K.S.A. 65-1438
because the sale does not involve a construction, alteration, repair or duplication any denture, plate, partial plate, bridge, splint, orthodontic or prosthetic appliance.
Your last question is whether the sale of products such as toothpaste, whitening gel, sensigel, etc. constitute the treatment of "a physical condition of human teeth" as the phrase is used in K.S.A. 65-1422
defining the practice dentistry. The phrase in question must be considered in the context of the statute and its purpose as provided in response to an earlier question. In our opinion the sale of toothpaste and other personal hygiene products cannot constitute the treatment of a physical condition of human teeth as the phrase appears in K.S.A. 65-1422
because the statute is intended to protect the public rather prevent the sale and the public's use of products intended for personal hygiene and personal appearance.
In conclusion, it is our opinion that the sale of impression materials for teeth whitening does not constitute the practice of dentistry as defined by K.S.A. 65-1422 nor does it violate K.S.A. 65-1438 because the legislative purpose is not served by a literal interpretation of these statutes.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm
[1] Kinder v. Murray Sons Construction, 264 Kan. 484 (1997).
[2] In re Tax Appeal of ALSOP Sand Company, 265 Kan. 510 (1998).
[3] State v. Gonzales, 255 Kan. 243, 248 (1994); State v. Hernandez,24 Kan. App. 2d 285, 288 (1997); Egnatic v. Wollard, 156 Kan. 843, 851
(1943).
[4] St. Francis Regional Medical Center, Inc. v. Weiss, 254 Kan. 728,745-46 (1994) citing Winslow v. Kansas State Board of Dental Examiners,115 Kan. 450, 451 (1924).
[5] State v. Creditor, 44 Kan. 565, 567 (1890).
[6] K.S.A. 65-1422.
[7] See generally, Thornburg v. McClelland,186 Kan. 20 (1960).